MOORE AND ARMSTRONG, Ex'rs, *v.* ELIZABETH JOHNSON and others.

1. WILLS. *Widow. Dissent.* It is no ground to enjoin the widow of a testator from contesting his will, that she has been induced by a purchaser of property under the will to take that course, where, although old and infirm, it is not alleged that she is incompetent to act for herself, and it appears to be to her interest to break the will.

2. SAME. *Same. Not estopped to contest. When.* The election of a widow to take under her husband's will does not estop her from afterwards contesting the will; nor will her presence at, and acquiescence in the sale of property under the will, when it is not averred that she was then aware of the facts on which she is making the contest, or that her conduct was intended to influence, or did influence the action of the executors; nor will the receipt by her from the executors of the greater part of her share under the will, the amount received not exceeding her distributive interest in the estate if the will be set aside.

FROM M'MINN.

Appeal from the Chancery Court at Athens. W. M. BRADFORD, Ch.

A. BLIZZARD and W. L. HARBISON for complainants.

BURKETT & CAMPBELL for defendants.

COOPER, J., delivered the opinion of the court.

Early in the year 1877, Uriel Johnson departed this life, having previously made and published a last will, which was, at the April term, 1877, of the county

court, proved in common form, and admitted to record. At the same time, the complainants, Hugh L. Moore and Samuel Armstrong, named in the will as executors, qualified as such. The testator by his will gave to his wife, the defendant, Elizabeth Johnson, one-third of the whole of his estate, personal and real, and the residue equally to his three brothers and five sisters, naming them, and authorized his executors to sell his real and personal estate. The executors sold the land to the defendant, Charles L. Hutsell, at the price of $6,320, and put him in possession. The defendant Elizabeth knew of, and was present at the sale, and acquiesced therein. The executors have paid her under the will nearly her share of the estate, which will be about $4,350. The defendant Hutsell still owes on the land between $3,500 and $4,000, and has filed a bill to be relieved from his purchase "upon various grounds therein stated." On December 29, 1880, defendant Elizabeth filed a petition to the county court, asking that the probate of her husband's will be set aside. Complainants answered the petition, and at the March term, 1881, of the county court, the probate of the will in common form was set aside, and the cause transmitted to the circuit court for an issue of *devisavit vel non.* The present bill was filed April 11, 1881, stating the foregoing facts, to enjoin the prosecution of that issue. The bill is by the executors against the widow of the testator, and Hutsell, the purchaser of the land.

The bill insists that defendant Elizabeth is estopped to contest the will by having received the greater part

of her share of the estate under it, and by making no objection to the sale of the land, although present at it, but acquiescing in it. It further charges, from information and belief, that she would not have sought to disturb the probate of the will except for the active agency of the defendant Hutsell, who induced her to do so, in order that it might aid him in his suit to be released from the purchase of the land. Complainants say they have no doubt, and so charge, " that said Hutsell, by his wily inducements, overreached the defendant Johnson, and induced her to put her husband's will in litigation, she being old, infirm, and susceptible of being thus persuaded and overreached." " The truth is," continues the bill, " the said Hutsell brought her to confer with his counsel in the case in which he seeks to get out of the purchase of the land, and in that interview, the idea of contesting the will was set on foot, as complainants are informed, and believe." Should the will be set aside, the bill adds, the defendant Johnson could only get the personal estate, and dower in the realty, and the personalty cannot amount to more than one-third of the entire estate, real and personal. The complainants think, therefore, that the contest of the will is for the benefit of Hutsell, not of the widow.

The defendants demurred to the bill. The chancellor sustained the demurrer, and complainants appealed.

The bill itself shows that in the event the will is set aside, the defendant Elizabeth, as the widow of the testator, would, under the circumstances of the par-

ticular case, be entitled by law to the entire personalty of the husband's estate, which would amount to more than one-third of the entire estate, real and personal, given her by the will, and to dower in the realty in addition. Her interest is, therefore, to break the will, and her contest over the will is, *prima facie*, for her advantage, and not for the benefit of Hutsell. And whether the idea of contesting the will was suggested when she was brought by Hutsell to confer with his counsel about his suit, or superinduced by the active agency and inducements of Hutsell, there could be nothing improper in such conduct if the motive was her benefit, although it might incidentally aid Hutsell in his litigation. We cannot impute "overreaching" or wrong to such conduct or influences. Nor are the facts alleged sufficient to show that defendant Elizabeth was incapable of acting as she saw proper.

To estop a party from the assertion of legal rights, it must, as a general rule, appear that the party was apprised of his rights, and intentionally by acts, silence or acquiescence, influenced the conduct of the person setting up the estoppel to his injury. For, otherwise there could be no just inference of actual or constructive fraud, upon which the doctrine of estoppel *in pais* rests: *Morris* v. *Moore*, 11 Hum., 433. In the case before us, the defendant Elizabeth received from the executors the greater part of her share of the estate under the will, and was present at the sale of the land by the executors, and made no objections thereto. But the bill does not aver that she was at that time aware of the facts on which she is now contesting the

validity of the will, or that the executors were igno-
rant of the facts, or that the conduct of the widow
was intended to influence their action, or did in fact
influence it.    And the bill does show that, in the
event the will is set aside, the defendant Elizabeth
would be entitled to more of the estate in money than
she has received, so that the executors cannot be in-
jured by the payments made.

It has been held by this court that the dissent of
the widow to the husband's will, and having had a
year's support assigned her, will not estop her from
contesting the will: *Miller* v. *Miller*, 5 Heis., 724.
And it has been also held by the supreme court of
one of our sister States, that the election of the widow
to take under the will does not estop her from con-
testing it, for the obvious reason that if there is no
valid will, there is no valid election, and, of course,
no estoppel: *Carder* v. *Fayette Co.*, 11 Ohio St., 358.

There is no error in the chancellor's decree, and
it is affirmed with costs.