W. D. GUSLER *et al. v.* D. T. MILLER.

ESTOPPEL. *Sale of property. Will.* By will a tract of land, the home tract, is given to four of testator's children. Another tract is given to the four first named and to another child, the respondent. Respondent sold his interest under the will and then brought suit to contest the will. A bill was filed to enjoin the suit of contest, on the ground that respondent had elected to take under the will by the sale. *Held,* it was not a case of election, and he was not estopped, because he would be entitled to an interest in the home tract in the event the will is set aside.

FROM CARTER.

Appeal from the Chancery Court of Carter county. H. C. SMITH, Ch.

—— —— for complainants.

—— —— for respondent.

FREEMAN, J., delivered the opinion of the court.

Rhoda Miller died in Carter county, making her last will and testament, which was duly proven soon afterwards in common form, and admitted to record in the county court. She seems to have been a *feme covert* at the time of her death, leaving her husband surviving, as she has given him a right to hold the home farm till the youngest child becomes of age.

The will gives the one-half of the home farm to

four of her children, to be equally divided among them, with some small bequests of personalty. She then says she gives her one-fourth undivided interest in a mountain tract of land of three thousand five hundred acres to all her children, naming them, that is, the four first named, and respondent, to be equally divided between them.

Sometime after her death respondent sold his interest in the land, as he says, for an old wagon, worth about twenty dollars.

He after this commenced a contest of the will in the circuit court, on the ground that it had been obtained by fraud and undue influence. Thereupon this bill was filed by the other four children to enjoin the prosecution of the contest, on the issue of *devisavit vel non*, on the sole ground, that by selling the land, or his interest in the land given him, he had elected to stand by the will, and could not be allowed to contest it.

It is not, however, a case of election. The party was entitled by our law to contest the will, unless something had intervened to prevent the exercise of the right. He would be entitled to an equal share of the homestead, as the case appears, as well as in the mountain land, in the event the will is set aside, and so he has an interest to form a basis on which his right of controversy will be sustained. His deed for the mountain land may estop him to claim any further interest in that, as between him and his vendee, but does not aid these parties in their efforts to prevent his contesting the will in this case. The res-

Gusler *v.* Miller.

pondent has explained, in his answer and testimony, that he sold the interest in the mountain land, because of hi̇̀s poverty, and before he had knowledge of the undue means by which the will had been obtained.

The doctrine of election applies in the case of inconsistent and alternative donations, where there is an intention, express or implied, that one shall be a substitute for the rest. If a person, to whom by an instrument of donation a benefit is offered, has a claim on the donor, and there is an evident intention that he shall not receive the benefit and enforce the claim, he cannot obtain the former without renouncing the latter. This is a general statement of the doctrine—which, however, has other applications: See Wait's Act. & Def., vol. 3, 147. It is evident this doctrine cannot affect the right of. the party to contest the will in this case.

The chancellor held otherwise, and his decree will be reversed and the bill dismissed with costs.