Douglass *v.* Baber.

ROBERT B. DOUGLASS *et al., v.* W. H. BABER *et al.*

1. WILLS. *Debts and funeral expenses. Marshalling assets.* A direction by the testator, in the first clause of his will, that his funeral expenses and debts be paid as soon after his death as possible, out of any money he may die possessed of, or that may first come into the hands of the executor, followed by a specific legacy of the testator's personal property, and notes and money, is not such a charge of the debts upon the personal estate as will prevent the legatees from marshalling the assets, and throwing the burden of the debts upon undevised realty.

2. SAME. *Expenses of contest a charge against the estate.* The expenses of a contest over the validity of the will instituted by the heirs, as well as the expenses of administration, including counsel fees, constitute proper charges against the estate, and a legatee whose legacy has been taken for their payment may marshal the assets for his indemnity.

3. SAME. *Marshalling assets. Debts.* The cause of action of a legatee or devisee to marshal assets *accrues* when the property devised is taken to pay the debts of the estate.

FROM SUMNER.-

Appeal from the Chancery Court at Gallatin. W. S. MUNDAY, Sp. Ch.

J. J. TURNER for complainants.

SEAY & BLACKMORE, GEO. W. BODDIE and HEAD. BROS. for defendants.

COOPER, J., delivered the opinion of the court.

Martha H. Douglass died in May, 1868, having first made a will by which she devised to Martha H. Davis, one of her nieces, certain land, and be-

queathed to her one-half of her personal property and one-half of her notes and accounts; and also devised to George W. Boddie, one of her nephews, certain other land, and bequeathed to him one-half of her personal property and one-half of her notes and money. The brothers and sisters of the testatrix contested the will by an issue of *devisavit vel non,* which was terminated in favor of the will in May, 1876. In the meantime, an administrator *pendente lite* was appointed, who collected assets and paid debts, and turned the estate over to the executor, who qualified as soon as the will was established. In addition to the property devised and bequeathed by the will, the testatrix owned a one-sixth interest in a tract of land in which her mother had a dower estate, and as to which interest the testatrix died intestate. The mother died shortly after the testatrix, and the co-owners with the testatrix of the dower land, who were also her heirs, by proceedings in the county court, caused the dower land to be sold for partition. In this situation of affairs, on May 30, 1876, the same parties filed the original bill in this cause against the executor of the will of Martha H. Douglass, deceased, the devisee, George W. Boddie, and Evaline Davis, the sole heir of the other devisee, Martha H. Davis, who had died, and others. The principal object of the bill, and the only one now before us, was to settle the rights of the parties to the one-sixth of the fund derived from the sale of the dower estate. The executor of the will of Martha H. Douglass, George W. Boddie, and Evaline Davis, by her general guar-

dian, answered the bill, and filed the answer as a cross-bill, claiming that the land as to which Martha H. Douglass had died intestate, and of course the fund derived from the sale thereof was *primarily* liable for the debts and liabilities of her estate in exoneration of the real and personal property specifically devised and bequeathed by the will; that the said personal property had been used in the payment of debts and the expenses of the estate, including the expenses of the suit contesting the will, and that the legatees under the will were entitled to marshal the assets as against the heirs of Martha H. Douglass, to whom the undevised land descended, so as to throw the charge upon that land and its proceeds. The chancellor, after ascertaining by a reference to the master, the extent of debts and liabilities paid out of the personal property bequeathed, held and decreed that the legatees were entitled to be re-imbursed the amount thus paid out of the proceeds of the sale of the undevised land. And the Referees have reported in favor of affirming the decree. The complainants except.

The first exception is in substance that the will charges the personal property with the payment of the debts of the estate. The will consists of four separate clauses, designated firstly, secondly, thirdly and lastly. The second clause contains the devise and bequest to the neice. The third clause contains the devise and bequest to the nephew, and the last clause appoints the executor. The first clause is in these words: "I direct that my funeral expenses and all my debts be paid as soon after my death as pos-

sible out of any money I may die possessed of, or that may first come into the hands of my executor." The proof shows that the administrator *pendente lite* found no money on hand at the death of the testatrix, nor did any money come to his hands not derived from the personal property and notes specifically bequeathed. These facts bring the case precisely within the ruling of this court in the case of *Alexander* v. *Miller*, 7 Heis., 65, where the will commenced with identically the same clause as the will before us, and where the legatees of specific personalty taken for the payment of debts were held entitled to throw the burden on undevised realty. The opinion in that case rests the decision upon the strict meaning of the word money, which, although the representative of property, is not the synonym of that term. And if the words admit of a broader meaning, they are only the formal mode of expressing the testator's wish that his debts should be paid, which, the authorities agree, will not affect the rights of devisees and legatees. They do not amount to a charge upon the personal estate in exoneration of an undisposed of residuum, or undevised realty. They only express, what would be the law without them, namely, that the personal estate, which is primarily liable for the payment of debts, in the absence of controlling equities, should be so applied as fast as realized. But although thus primarily liable, a legatee thereof would be entitled to go upon undevised realty for reimbursement.

The second, fourth, sixth and seventh exceptions make the point that the allowances to the administra-

Douglass *v.* Baber.

tor *pendente lite* and executor of the expenses of the contest over the will, and the fees of counsel in that suit are not chargable upon the lands descended. But the expenses of administration, which include the allowances to the personal representative for his own services and reasonable counsel fees for which he is individually liable, are proper charges against the estate, as much so as funeral expenses of the deceased, and a legatee whose personal legacy is made to pay the same may marshal the assets for his indemnity. The fees of counsel employed to sustain the will, it being the duty of the executor to support the will, this court has held to constitute a proper allowance to be paid out of the estate, a decision which, while it may appear harsh in some cases, certainly seems proper enough in this case where the complainants were the cause of the expense. There is nothing in *Porterfield* v. *Taliaferro,* 9 Lea, 242, in conflict with this view, for the lands descended are not sought to be reached because the personal estate is exhausted, but because the legatees have the right to throw the burden of the debt *borne* by their legacies upon the undevised realty.

The third exception raises the question of advancements suggested by the original bill. But, obviously, this is no case where that question can cut any figure. The legatees are not seeking to share in the undevised land as heirs, in which event alone an account of advancements would be proper. They are asking that the assets of the estate be marshalled, so as to throw the burden of the debts of the estate upon the un-

devised realty, instead of the property bequeathed by the will.

The fifth exception makes the point that an administrator *pendente lite* cannot pay out funds of the estate, and therefore complainant's exception to the master's report should have been sustained. But we do not find any exception to the master's report made by the complainants on this ground. Besides, the claims which were paid out of the personal assets of the estate have been found by the master and the chancellor to have been just claims, and properly paid.

The sixth exception suggests that the right of action of the legatees is barred by the statute of seven years in favor of heirs: Code, secs. 2281, 2786. The objection assumes that the cause of action originated or accrued in the lifetime of the testatrix. But the right of action of the legatees to marshal assets between them and the heirs did not originate in the lifetime of the testatrix. It only accrued when their legacies were taken to pay the liabilities of the estate. It is not pretended that the bar of the statute has attached since then.

The exceptions to the report of the Referees will be overruled, and the decree of the chancellor affirmed. The complainants will pay the costs of this court. The costs of the court below will be paid as directed by the chancellor.