PROVOSTY, J.
This suit involves a contest over the will of J. P. Gueydan, deceased. The de cujus was twice married. The plaintiffs are the children of the -'first - marriage. The defendants are the surviving widow and executrix and the children of the second marriage.
The prayer of the petition is that the will and the probate thereof be annulled and set aside, that the letters testamentary he revoked, and that the succession be administered as intestate.
Defendants pleaded no cause of action, but that exception they now waive, desiring that, if possible, the controversy be settled in the Instant proceeding. They also pleaded that the probate proceedings operate as an estoppel to plaintiffs, who were parties to same. The plea is not good. The plaintiffs did not in those proceedings set up their present contention, and were under no obligation to do so. Aubert v. Aubert, 6 La. Ann. 104; Leonard v. Corrie, 10 La. Ann. 78.
*39 The plaintiffs allege hut one ground of nullity, namely, that the testator has bequeathed to his wife a greater proportion of the estate than he was allowed by law to dispose of.
Such extravagation would be ground for reducing the bequest, not for setting aside the will. “Any disposal of property, whether inter vivos or mortis causa, exceeding the quantum of which a person may legally dispose to the prejudice of the forced heirs, is not null, but only reducible to that quantum.” Article 1502, Civ. Code. Realizing this, the plaintiffs have abandoned their demand for the nullity of the will, and now content themselves with asking that the will be so interpreted that the wife’s taking thereunder be restricted to the usufruct of one-third of the estate.
The abandonment of the demand for the nullity of the will carries with it the abandonment of the demands for the revocation of the letters testamentary and for the administration of the estate as intestate, since these demands were predicated on the supposed nullity of the will; and the ease is narrowed down to a mere matter of the interpretation of the will, — of whether the testator intended that his wife should have only the usufruct of one-third of the estate, or that she should have all that by law he was allowed to dispose of in her favor, namely, one-third of the estate in full ownership.
The will is nuncupative by public act. After reciting his name, the place and date of his birth, his two marriages, his having three children by the first marriage and four by the second, naming these children, the fact of his father and mother being both dead, and after stating that at the time of his second marriage he owned no property except a certain tract of land acquired during his widowhood, the testator proceeds to make the following dispositions:
“I give and bequeath unto my wife, Amelie Azrael Montagne, all that the laws of Louisiana permit me to dispose of in the property that I shall die possessed of, whether the same be paraphernal or community property, and as to the residue of my succession I mean and intend that my wife shall be entitled, in full ownership, to the one-half of whatever property shall, at the time of my death, belong to the community of acquets and gains existing between us, and to the other half in usufruct, during her lifetime, without furnishing bond or security.”
Defendants take the view that, in going on to speak of the residue of his estate, the testator did not intend to make another or a further donation, but merely to be more explicit touching the donation already made by explaining that his idea was that his wife should have this donation in addition to what she would be entitled to as survivor in community. This view impresses us as being exceedingly probable.
In the first place, the testator tracks the law regulating the community rights of the survivor in community too closely for his following it to have been merely accidental. He deviates therefrom only in the one particular of extending his wife’s usufruct as survivor in community to the entire half of the community property, instead of restricting it to the share inherited therein by her children. In doing this he may have acted under the impression that he was following the law. In practice the survivor’s usufruct generally does extend to the entire share of the deceased spouse, it seldom happening that there are children of a former marriage. What usually obtains in practice he may have taken to be the law.
In the next place, from the fact of his saying that he gave all that the law would permit him to give, it is evident that he was aware of a limitation on his power of disposal, and that he was bearing that limitation in mind. It is extremely improbable that he would have deliberately transgressed that limitation. To do so would have been a vain and foolish thing. A testator might ignorantly or thoughtlessly go beyond the limit imposed on Mm by law, but it is extremely improbable that he would do so deliberately, with his eyes wide open.
Lastly, it is not easy to imagine a reason why, if the intention was to make a donation, the disposition should have been restricted to the community property. The testator’s share of the community property was his own individual property, as much so as was that part of his estate composed of separate property. Why, then, if the idea was to make a donation, restrict the disposition to the community property? The estate, say the plaintiffs, was composed entirely of community property. But what difference does this *41 make, if the testator entertained a different impression? And that he did is shown by his referring to his estate as “whether composed of paraphernal or community property,” and is also shown by his stating in the will that at the time of his marriage he owned a tract of land. The testator thought that his estate was, or at his death might be, composed of both separate and community property. His share of the community property was not less his own than was the separate property. Then why restrict the disposition to community property, if the intention was to make a donation, and not merely to confirm the wife’s rights as survivor in community?
We are much inclined to adopt this view; but, if we refrain from doing so, and adopt instead the contention of plaintiffs that the will must be read as written, and that, as written, it conveys the entire estate, we shall but reach the same result by a different process of reasoning.
The argument by which plaintiffs deduce their construction of the will is as follows:
That the testator’s power of disposal in favor of his wife was limited to one-third of his estate either in full ownership or only in usufruct (Act No. 13 of 1882); that, giving in a first clause all that the law permitted him to dispose of, he gave her in full ownership one-third of the estate; that proceeding, in a second clause, to dispose of the residue of the estate, namely, the remaining two-thirds, he gave to his wife in full ownership one-half of the residue, or one-third of the whole estate, and in usufruct the other half, or the remaining third of the estate, thereby disposing- of the entire estate; that this second clause is only confirmatory of the wife’s full ownership of one-half of the community .property, but carries a donation to her of the usufruct of one-third of the estate; that this donation is incompatible with the one contained in the first clause, the two dispositions together exceeding the testator’s power of disposal; that one or the other of the dispositions must fall, and that the second, namely, that of the usufruct, stands, it being the last written (Civ. Code, art. 1723); that the testator had the option to give one-third of 'the estate either in full ownership or in usufruct, and that he chose to give it in usufruct, and that the will must be enforced as written.
This argument would interpret the will by a process altogether too mechanical. A will is but the medium through which the intention of the testator is made known. That intention, within the limits of the disposable portion, is the law of the ease; and, if made manifest and unmistakable, must have execution. Here the thought uppermost in the testator’s mind was that his wife should have' the entire disposable portion. He starts out with that, and makes the bequest in the broadest terms, — “all that,” etc. He does not, in the course of the dictation of what follows, change his mind, and conclude to withdraw this broad bequest, and substitute to it a more restricted donation; on the contrary, according to the interpretation contended for by plaintiffs, he adds to it the residue of his estate, half in full ownership and half in usufruct; so that, by the time he gets through, he has given to his wife, still, according to the argument of plaintiffs, his entire estate. Under these circumstances, his intention to give to his wife the entire disposable portion to the full and outer limits thereof is unquestionably made manifest and unmistakable.
That intention can be carried out by allowing the wife to take one-third of the estate in full ownership. She will in that way have one-third of the estate in usufruct as provided in the last clause of the will, and also all else requisite to fill out the disposable portion, as provided in the other clauses' of the will; that is to say, by the manifest and unmistakable intention of the testator. She will, it is true, have this usufruct as a component part of the full ownership, and not as a dismemberment of it, and in the last clause of the will it is given to her in the latter shape; but this last clause must be read in connec-tion with the other clauses, and all the clauses must, if possible, be harmonized, and be so interpreted as, if possible, to give effect to all. These are the prime injunctions of the Code with reference to the interpretation of wills. Article 1712 et seq.
The argument of plaintiffs sums up to this: That because the testator, after giving all that by law he was permitted to give, went on, and gave more, therefore he is to be interpreted as having intended to give less than by law he was permitted to give. This interpretation could be sustained only if between the gift of one-third of an estate *43 in full ownership and the gift of another third, of the same estate in usufruct there were an inherent incompatibility. The second gift would then give rise to an inference of the recall of the first. But between such two gifts there is no inherent incompatibility. It is not as if an object, after having been given to one person were given to another person, or there were from any other cause contradiction between two donations. The incompatibility comes in merely as a result of the law’s limitation on the testator's power of disposal, and, as a consequence, the second donation does not give rise to any inference of an intention on the part of the testator to recall the first. The intention of the testator to give to his wife all that the law would permit him to give her must be carried out, if possible, and it is carried out by allowing the wife to take one-third in full ownership.
The plaintiffs partially succeed in their demand, since, as a result of this suit, the will is so interpreted as to restrict the usufruct of Mrs. Gueydan to the share of her children in the community property. This partial success has the effect of throwing on Mrs. Gueydan the costs of the suit in the lower court.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment decreeing that Mrs. Gueydan take: First, as partner in community, one-half of the community property in full ownership; second, as legatee under the will of her husband, one-third of the estate of the deceased husband in full ownership; third, as survivor in community, the usufruct of the share inherited by her children in the half of the community property belonging to the succession of her deceased husband.
It is further ordered, adjudged, and decreed that Mrs. Gueydan pay the costs of this suit in the lower court, and that the plaintiffs pay the costs of this appeal.