## Charles F. Molander, Appellant, v. Lillian Anderson, known as Lillian Holmberg, Individually and as Executrix, Appellee.

### Gen. No. 24,504.

1. WILLS, § 171*—*when beneficiary-executor not estopped to file bill to set aside codicil.* The right to contest a will being a right conferred by statute, and one given to "any person interested," a beneficiary under a will, who was also an executor, was not, upon the theory that he could not be heard to deny the validity of the codicil while acting as a qualified executor of the will, estopped from filing a bill to set aside a codicil to such will, the effect of which was to diminish his legacy, and neither his right of action nor the right to enforce it was affected by his subsequent resignation and discharge as an executor.

2. WILLS, § 170*—*rule that representative of estate is proper party to sue applied.* The rule that the representative of the estate is the appropriate party to institute proceedings seeking relief on behalf of the estate, as to a gift, applied so as to sustain the special demurrer to that part of the bill in question, seeking relief on behalf of the estate as to a certain gift.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed June 10, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

NORMAN K. ANDERSON and BENJAMIN CLARKE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellant filed his bill of complaint to have the probate of a codicil to the last will and testament of Charles F. Holmberg, deceased, set aside and to have the same declared void as obtained by undue influence, and to have defendant directed to pay a gift, claimed by appellee, to the estate of said Holmberg for distribution in accordance with the will. The main difference between the original bill and the amended and supplemental bill is that the latter sets up the resignation and discharge of complainant as executor of such estate after the filing of the original bill which sets up the probate of said will and codicil, and the issuance of letters testamentary to himself and appellee. It also appears that they were the only two beneficiaries named, and that the effect of the codicil was to diminish the legacy to appellant.

The question raised here is whether the court should have sustained a demurrer to the amended and supplemental bill and have dismissed the same for want of equity.

The grounds of the demurrer are (1) that complainant cannot be heard to deny the validity of the codicil while acting as a qualified executor of the will, and hence had no ground of action at the time of filing the bill; and that his right to enforce it is not aided by his subsequent discharge as such executor, as set forth in the amended and supplemental bill; (2) that it does not appear that when complainant qualified as executor he was ignorant of the facts alleged to affect the validity of said codicil; and (3) that being no longer a personal representative of the estate he can-

not maintain an action to recover money for its benefit.

Appellee finds analogy in the first ground to a principle applicable in certain cases forbidding one acting in a trust capacity from denying the validity of the trust while continuing so to act, and a tenant or trustee from claiming adversely to the title under which he enters land without surrendering possession. The cases cited are not applicable to the facts at bar. The right to contest a will in chancery is a right conferred by statute (*Dibble v. Winter,* 247 Ill. 243), and is given to "any person interested," meaning any person "who has a direct, existing pecuniary interest which will be detrimentally affected by the probate of the will." (*Cassem v. Prindle,* 258 Ill. 11.) That complainant had such an interest is not questioned, and we are disposed to think the absolute right thus given by the statute is not affected by the mere fact that the interested party bringing the suit is at the same time a qualified executor of the will, in the absence of any facts that would support the doctrine of estoppel. None appears in the pleadings demurred to. It does not appear that appellee has been placed in any different position to her injury by reason of appellant's qualification as executor under the will, or that complainant has placed himself in a position where he could not as an interested party maintain his action under the statute.

The only case bearing directly on this point brought to our attention is *Gaither v. Gaither,* 23 Ga. 521. In that case Mrs. Gaither made application to set aside the judgment of probate of a will after she had qualified as executrix thereof. It was asserted that she thereby admitted the validity of the will. The court held that the admission was not conclusive against her without showing that the legatees had acted upon the admission, and that their situation became different

from what it would have been had Mrs. Gaither never qualified as executrix. And so here. There is nothing to show complainant is estopped from asserting an unqualified right under the statute as an interested party to bring the action, and neither his right of action nor the right to enforce it was affected by his subsequent resignation and discharge as executor.

We think, however, the special demurrer to that part of the bill seeking relief on behalf of the estate as to the gift would properly lie, as a representative of the estate is the appropriate party to institute proceedings for such relief. But such ground for demurrer did not go to the entire right of action. In that respect the bill may be amended. The decree will be reversed for further proceedings consistent with this opinion.

*Reversed and remanded.*