(127 So. 606)

## LOUISIANA OIL REFINING CORPORATION v. WILLIAMS et al.

No. 30165.

March 5, 1930.

A. Leonard Allen, of Winnfield, Harvey G. Fields, of Farmersville, and Robert J. O'Neal, of Shreveport, for appellant.

Foster, Hall, Smith & Blue and Foster, Hall, Barret & Smith, all of Shreveport, for appellee Conaway.

ROGERS, J.

The Louisiana Oil Refining Corporation, a Virginia corporation with its principal office in this state in the parish of Caddo, in March, 1928, had in its possession the sum of $7,285.-50, which was claimed on the one hand by O. K. Allen and Walter Hebert, and on the other hand by H. C. Elder, trustee, and J. Holland Williams. In order to settle the dispute and relieve itself of liability, the Louisiana Oil Refining Corporation, availing itself of the provisions of Act No. 123 of 1922, deposited the fund in its possession in the district court of the parish of Caddo and cited the claimants to appear therein and assert their claims.

O. K. Allen and Walter Hebert excepted to the jurisdiction of the court; H. C. Elder, trustee, and J. H. Williams answered the suit. The exceptions to the jurisdiction were overruled, and O. K. Allen filed his answer. C. E. Conaway purchased the interest of H. C. Elder, trustee, and J. Holland Williams, and was substituted as a party litigant. Subsequently, Conaway effected a settlement with Hebert, whereby Hebert was permitted to withdraw $4,857, the amount claimed by him, from the fund deposited, leaving in dispute between C. E. Conaway and O. K. Allen the ownership of $2,428.50, the balance of the fund on deposit. On this issue, the court below decided in favor of Conaway, and Allen appealed from the judgment.

The fund of $7,285 originally deposited in court by the Louisiana Oil Refining Corporation represented the purchase price of three-sixteenths of the oil produced from a well drilled on a lot of ground situated in the town of Tullos. Allen claims that one-third, or $2,428.50 of the fund deposited, belongs to him by virtue of his ownership of a one-sixteenth interest in an oil and gas lease on lot 5 of block 18 of the town of Tullos, as per plat recorded in Book M, page 166, of the records

of the parish of La Salle, on which lot he alleges the oil well is located. Per contra, Conaway claims, as the assignee of Elder, trustee, and J. H. Williams, that the fund belongs to him, for the reason that the oil from which the fund was derived was produced by a well located on lot 8 of block 18, in the town of Tullos, as per plat recorded in Book O, page 169, of the records of the parish of La Salle, which lot is owned by him.

In support of his exception to the jurisdiction of the court, the claimant, O. K. Allen, relies on the general rule prevailing in civil matters, that one must be sued at his domicile. Allen is a resident of the parish of Winn; Hebert is a resident of the parish of La Salle; and Elder and Williams are residents of the parish of Caddo.

But the domicile of the Louisiana Oil Refining Corporation is in the parish of Caddo, and the fund in its possession, which is the subject of this litigation, is within the jurisdiction of the district court of that parish. Certainly, if exceptor were compelled to sue for the possession of the fund, his suit would have to be brought at the domicile of the custodian of the fund.

This is not a purely personal action as contemplated in the rule invoked by appellant, but it partakes of the nature of a proceeding in rem. The statute (Act No. 123 of 1922) under which it is brought provides, in section 2, for the manner of making the deposit, namely, that the application shall be presented, with the money or a certified check, in the form of a petition in a civil case to the judge having jurisdiction, which application shall contain: "(1) The name and domicile of the applicant, (2) a full and complete account of how applicant came into possession of said money, (3) the names and domiciles of all persons claiming said money, or claiming a lien or privilege thereon, and the names and domiciles of all persons having an interest in the money deposited, within the knowledge of applicant." Section 3 provides that the petition shall contain a prayer for the citation of all interested parties. And section 4 declares: "That service and citation of said application shall be made in the same form and manner as service and citation in civil suits, and the delays for answering shall be the same."

We thus see that all claimants and parties interested in a fund held by any person, natural or artificial, are directly made parties to a suit instituted for the purpose of distributing the fund among those entitled thereto, and that they may be cited or summoned to answer by the court having jurisdiction over the res; i. e., the fund to be distributed.

Our conclusion is that the suit was properly brought in the parish of Caddo, and that the district court of that parish correctly overruled the exception filed to its jurisdiction.

So far as the controversy between the defendants Conaway and Allen is concerned, we find there is no dispute as to the titles or as to the physical location of the oil well. The sole question to be determined is, which plat shall control, the plat recorded in book M, according to which the well is on lot 5, or the plat recorded in Book O, according to which the well is on lot 8?

The town of Tullos comprises the E. ½ of the S. E. ¼ of Sec. 26, Tp. 10., R. 1 E., formerly Catahoula parish, but now, since Act No. 177 of 1908, in La Salle parish. This property was originally patented to Henry Tullos by the United States government on November 3, 1891. Tullos sold to C. G. Woodbridge, who was chief engineer of the Houston Central & Northern Railroad, one-half, or every alternate lot, in the tract of land, for $1 cash and the further consideration that Wood-

bridge would erect a passenger and freight depot on the land and would lay off the 80 acres in streets and avenues by a plat to be agreed upon. Woodbridge, in turn, sold the property to Guy Phillips, who assumed all the obligations imposed upon his vendor. Phillips and Tullos, on March 26, 1892, executed an act of partition, in which they set forth that the obligations assumed by Woodbridge and Phillips had been complied with; that the tract of land had been subdivided and a plat made thereof and filed in the clerk's office of the parish of Catahoula; and that a copy of the plat was attached to the act of partition. According to the terms of the partition, lot 8 of block 18 was allotted to Phillips; Tullos taking the lots bearing the odd numbers and Phillips taking the lots bearing the even numbers.

In an instrument filed for record in La Salle parish on October 2, 1899, Guy Phillips declared that he acquired the property for the St. Louis, Iron Mountain & Southern Railway Company. Subsequently the St. Louis, Iron Mountain & Southern Railway Company sold the property to the Missouri Pacific Railroad Company. The latter company sold lot 8 of block 18 of the town of Tullos to J. Holland Williams. On March 28, 1927, the lot and the well thereon was conveyed to H. C. Elder, trustee.

The lots assigned to Henry Tullos in the partition between him and C. E. Woodbridge were sold by the purported heirs of Tullos to Calvin Davis. Later, in a partition between the purported heirs of Dr. C. Davis and J. Calvin Davis, the latter acquired the lots in question. On August 18, 1925, J. Calvin Davis conveyed to Walter Hebert, certain property, including lot 5 of block 18 "situated in the town of Tullos, La Salle parish, Louisiana, as per original plat of said town, copy of which is on file in the clerk's office of La Salle parish." Walter Hebert executed an oil and gas lease in favor of O. K. Allen, covering a number of lots in the town of Tullos, including lot 5 of block 18. This lease was assigned by Allen to the Tullos Oil Company, under which assignment Allen reserved an undivided one-sixteenth interest in the minerals. The Tullos Oil Company in turn assigned its interest in the lease to J. H. Williams and W. F. Hyde.

The testimony and the deeds in the record show conclusively that a plat or map of the town of Tullos was used as the basis of the partition between Henry Tullos and C. E. Woodbridge, and that this plat or map was duly filed in the records of Catahoula parish, while a copy thereof was attached to the act of partition. According to this plat, lot 5 of block 18 was allotted to Tullos and lot 8 of block 18 was allotted to Woodbridge. The record also shows that, although a careful search was made of the records of Catahoula parish and of La Salle parish, which was created out of Catahoula parish, the original map was not found. In this contingency, an examination was made of the archives of the Missouri Pacific Railroad Company, where the copy of the original map was discovered and offered in evidence, supported by ample proof of its authenticity, on behalf of the claimant Conaway.

There is in the record another map prepared by A. C. Volk, a civil engineer of Bastrop, La., in 1925. In preparing his map, which was made to serve certain private interests, Mr. Volk availed himself wholly of parol testimony and such meager data as he was able to obtain. This map, which shows the oil well to be on lot 5 of block 18, was recorded in the parish records in Book M.

Subsequent to the recordation of his map, Mr. Volk learned of the presence in the files of

the Missouri Pacific Railroad Company of the copy of the original map of the town of Tullos. He investigated the matter, and, being convinced that the copy of the map in possession of the railroad company was a true copy of the original, went to Jena and filed the second map in the parish records, together with an affidavit that the first map had been filed in error. The second map, which shows the ·oil well to be on lot 8 of block 18, was recorded in Book O.

From what we have hereinabove set forth, it is plain that the oil well was drilled, evidently in error, on lot 8 of block 18, which lot was purchased by J. Holland Williams, on the discovery of the error, from the Missouri Pacific Railroad Company on March 28, 1927.

The claimant Allen pleaded that the claimant Conaway, is estopped to deny that the oil well is located on lot 5 of block 18. The basis of the plea is that Williams, Conaway's assignor, had gone into possession of that particular lot, had drilled the well under his agreement with the Tullos Oil Company, and had not contested the payment of the oil runs to Allen until more than a month had elapsed from the date he obtained his deed to lot 8.

■■ The plea of estoppel is not favored in law, and should not be maintained except in clear cases. Estoppel in pais arises only where the party invoking it has been led to change his position to his injury by the party against whom the plea is urged. The erroneous drilling of the oil well on lot 8, then owned by the Missouri Pacific Railroad Company, instead of on lot 5, which was covered by the lease, and the failure of Conaway to promptly object to the division order, did not cause any alteration in Allen's position nor any injury to his rights. In these circumstances, we find no error in the ruling denying the plea.

The claimant Allen further contends that the purchase by J. Holland Williams from the Missouri Pacific Railroad Company of lot 8 in block 18 of the town of Tullos inured to his benefit, and all that Conaway, as the assignee of Williams, is entitled to recover is $500, the amount of the purchase price. The contention is not well founded. The lease and all the muniments of title relied on by Allen relate to lot 5, and not to lot 8 of block 18. Neither Allen nor the Tullos Oil Company pretended to own or to lease lot 8. Williams leased lot 5 from the oil company, and, so far as the record shows, is still in possession of lot 5 as the lessee thereof. If Williams, in error, drilled a well on lot 8, the error did not concern either O. K. Allen or the Tullos Oil Company. Nor can Allen or the oil company profit in any manner by reason of the purchase by Williams, on discovering his error, of lot 8 from the Missouri Pacific Railroad Company, the true owner thereof.

For the reasons assigned, the judgment appealed from is affirmed, at the appellant's cost.

O'NIELL, C. J., absent.