# McCLURE v. WADE et al.—234 S. W. (2d) 835.

Eastern Section.   July 11, 1950.

Petition for Certiorari denied by Supreme Court, October 9, 1950.

156

Curtin & Haynes, of Bristol, O. M. Connatser, of Sevierville, for plaintiff in error.

R. R. Russell, of Knoxville, Ogle & Ogle, of Sevierville, for defendants in error.

HALE, J. The primary question is whether or not the plaintiff in error, Mrs. McClure, is estopped to contest the will of her father, S. L. Atchley. The circuit judge held she was estopped and she has appealed and assigned errors. Certain of the defendant beneficiaries have also appealed (although satisfied with the result) and assigned errors on other contentions made by them and not decided in their favor. We shall decide all of these questions in the order presented.

The only assault made upon the alleged will is that it was not signed or acknowledged by Mr. Atchley in the presence of two witnesses, and that it was not signed by the two attesting witnesses "In the presence of each other", as required by our Uniform Wills Act, Ch. 125, Pub. Acts 1941, Supp. Williams' Code, Sec. 8098.1 et seq. There is no claim of fraud or undue influence.

S. L. Atchley, a banker and business man of Sevierville, died on Jan. 27, 1949, leaving the testamentary paper sought to be contested in this case. He was a widower and had only one child, the contestant-plaintiff in error, Mrs. McClure. His estate was quite large; some estimates placing its value between $500,000 and 750,000. This testamentary paper is dated May 9, 1947. In it he makes certain specific bequests and devises, and then, in substance, gave his daughter, the contestant, the use of his estate for her life, with the right on the part of her husband, if he survived her, to have the use and income thereof for his life. The remainder estate was given to certain of his nephews and nieces. Mrs. McClure and her husband were named as executors. This paper was found in Mr. Atchley's lock box, and to it was attached a paper saying that Mr. O. M. Connatser, a member of the Sevierville bar, had been retained for a certain amount

to help with the administration of the estate. These papers were delivered to Mrs. McClure who then telephoned Mr. Connatser, asking him to meet her at the courthouse. He complied with this request and the paper was offered for probate. The attesting clause is as follows: "Signed by S. L. Atchley as and for his last will and testament, in the presence of the undersigned subscribing witness, who at his request and in his sight and presence have subscribed our names hereto as attesting witnesses, on this May 9, 1947.

"S/   T. J. Stafford,

"S/   Joe F. Carr, Jr."

Both were present at the probate. Strangely enough, neither was asked as to the circumstances surrounding the execution and attestation of this paper. The order of probate recites: ".   .   .   and it appearing to the Court from the testimony of T. J. Stafford and Joe Carr, Jr., the subscribing witnesses, that the said paper writing was written in the lifetime of the said S. L. Atchley, as and for his last will and testament signed by him in his presence and at his request by the said T. J. Stafford and Joe F. Carr, Jr., as attesting witnesses, and that said instrument was executed on the day that it bears date" etc., and further, "The said Anna A. McClure and R. H. McClure, named as executors in the last Will and Testament of S. L. Atchley, deceased being in open court, accepted said trust without bond as set out in said will." This was on Feb. 1, 1949, and Mr. and Mrs. McClure proceeded to discharge the duties under said trust.

In the latter part of April, 1949, Mrs. McClure heard someone question the validity of the will because of what was supposed to violate the rule against perpetuities. She thereupon consulted Mr. Thomas Curtin, of the Bristol bar, with reference thereto. He informed her

that in his opinion the will was not subject to such criticism but pointed out to her the possibility of fatal defects in its execution, and requested her to obtain statements from the attesting witnesses. She obtained statements and after several days' deliberation instructed her counsel to institute the contest.

On May 30, 1949, she filed a petition in the County Court of Sevier County, making the devisees, legatees and beneficiaries, as well as her husband as coexecutor, parties defendant, in which it is charged that only recently had it come to her knowledge that Mr. Atchley did not sign the will in the presence of the witness nor did they sign in the presence of each other, and announced her intention to file a contest. Full disclosure was made of all the pertinent facts. Notice was given the defendants of this application, and on June 13, 1949, the County Judge entered an order allowing Mrs. McClure to resign as coexecutor and appointing L. C. Burchfield in her stead.

After her resignation was authorized, and upon the same date, she instituted the present contest upon the grounds noted. Mr. Burchfield, substitute coexecutor, and Zula Brown, who was bequeathed $5,000 in this will, answered taking the position that the will had been properly executed and witnessed; that the contestant was estopped to maintain the contest, and that the Uniform Wills Statute, Ch. 125, Pub. Acts 1941, was unconstitutional. On August 20, 1949, these same defendants, joined by five of the six remaindermen filed an answer admitting this paper writing ''was admitted to probate in *common* form''. (We mentioned this because certain of the defendants in error now claim the will was probated in *solemn* form, as will hereinafter be mentioned.) This answer plead estoppel.

The plea of estoppel was overruled by the County Judge and the case taken to the Circuit Court, where the plea was sustained, resulting in the present appeal. In passing upon this question of estoppel the learned trial judge said:

"The petitioner and contestant insists that she did not know all the facts concerning the making of the will at the time she qualified, and at the time it was probated. She now claims that the two subscribing witnesses were not present or in the presence of each other. While this may not be material upon the motion before the Court, one of the subscribing witnesses did testify that they were not together. The other one has not yet testified.

"It is, indeed, strange that she would appear before the County Court with the subscribing witnesses and have the will probated and not then know or learn of this. She was present at the proceeding and knew all that happened. If this question was not asked, then some one failed to do his or her duty. It was a proper matter to determine at that time, and she knew then or should have known about the manner of execution of the will. That being true, she should be bound by the action which she took at that time.

"Petitioner insists that because the rights of the other legatees were not prejudiced she is not estopped to contest the will. That is a general rule as to estoppel, but in the contesting of a will, where one takes full charge of the property, and leads all beneficiaries to believe that the will is being recognized, and takes charge of all of the papers and records, and allows it to go on this way for months, then the rights of all beneficiaries under the will would be and are affected.

"So, under the peculiar facts existing in this particular case the petitioner is estopped to contest the will.

"On the question of the constitutionality of the Uniform Will Act, the Court is of the opinion that this had been definitely settled in the case, In re Holliday's Estate, 180 Tenn. 646, 177 S. W. (2d) 826, and that contention of the contestees is not well taken and is overruled."

The contestant moved for a new trial, questioning the holdings and conclusions stated adverse to her. The contestees moved for a new trial, asserting the court was in error in not holding the will was probated in solemn form; and that the court erred in sustaining the constitutionality of the Uniform Wills statute.

We are constrained to disagree with the holding of the trial court that the contestant was estopped to prosecute the contest.

█ It was the duty of Mrs. McClure to present the will for probate; its suppression would have resulted in criminal accountability. Smith v. Harrison, 49 Tenn. 230; Douglass v. Baber, 83 Tenn. 651; Harris v. Nashville Trust Co., 128 Tenn. 573, 162 S. W. 584, 49 L. R. A., N. S., 897; Code Sec. 10942. She presented it in good faith, having no knowledge of any defect in its execution, or, indeed, of the legal requirements. It is true that Mr. Connatser was present; however he was not of her selection but was acting pursuant to the instructions of Mr. Atchley. Both of the witnesses to this testamentary paper are living, and one of them testified in this case. There has been no change in the status of the estate. All assets collected by Mrs. McClure as coexecutor were turned over to her successor. If the will is good the remaindermen therein named take under its terms; if

invalid, they take nothing, Mrs. McClure being the only child and sole heir at law.

"Estoppel, even judicial estoppel, does not apply to one acting or speaking upon a mistaken view of the law upon undisputed facts. Tate v. Tate, 126 Tenn. 169, 212, 148 S. W. 1042, and authorities there collected." Perry v. Sevier County Beer Commission, 181 Tenn. 696, 184 S. W. (2d) 32, 34. Tate v. Tate, supra, contains a very full discussion of this problem. We do not have an estoppel by statements or admissions in sworn pleadings in other suits, such as was involved in Grier v. Canada, 119 Tenn. 17, 107 S. W. 970, and cases of like nature.

In Miller v. Miller, 52 Tenn. 723, it was held that where a widow dissented from the will, had a year's support assigned to her, and suggested the appointment of a certain person as personal representative, did not estop her from contesting the will. In Moore v. Johnson, 75 Tenn. 580, it was held that widow, under the facts therein stated, was not estopped to contest the will, and in the discussion the court said: "To estop a party from the assertion of legal rights, it must, as a general rule, appear that the party was apprised of his rights, and intentionally by acts, silence or acquiescence, influenced the conduct of the person setting up the estoppel. For otherwise there could be no just inference of actual or constructive fraud, upon which the doctrine of estoppel in pais rests."

It might in this connection be recalled that the contestant did not know the circumstances surrounding the execution of this testamentary paper and assumed that it had been executed with the formalities required by statute.

In Gusler v. Miller, 78 Tenn. 90, it was claimed that a son was estopped to contest his mother's will because

he had sold his interest in certain lands therein devised him. In discussing the case it was said: ''The party was entitled by our law to contest the will, unless something had intervened to prevent the exercise of the right. . . . The respondent has explained in his answer and testimony, that he sold the interest in the mountain land, because of his poverty, and *before he had knowledge of the undue means by which the will had been obtained.''* (Emphasis supplied.)

■ The probating of a later will does not estop the proponents from relying upon a former will which would deprive the contestant of any rights in the estate. Cowan v. Walker, 117 Tenn. 135, 96 S. W. 967.

In Rogers v. Colville, 145 Tenn. 650, 238 S. W. 80, 83, it was held that a son of the testator who purchased real estate at the executor's sale was not estopped to contest the will. It was said: ''Estoppels are not favored in the law. Indeed, it has been said they are odious. Russell v. Colyar [51 Tenn. 154, 193], 4 Heisk. 154, 193; Hume v. Commercial Bank [77 Tenn. 728], 9 Lea 728. This is for the reason that estoppel precludes a party from asserting the truth or enforcing a right which he is otherwise entitled to, and, therefor, unless by his conduct another's rights have been prejudiced, the principle will not be applied.''

Then follows a very full discussion of various cases decided in Tennessee, and great emphasis is placed upon the necessity of the party claiming the estoppel to have been prejudiced by the conduct of the party against whom the estoppel is asserted. We are unable to find the slightest evidence of prejudice in this case. The collateral kindred of Mr. Atchley would not have any right in his estate but for the claimed will in question. The status of the estate has not been changed in any manner. The

witnesses to this paper are living and available for testimony.

In Neal v. Crook, 2 Tenn. App. 364, the executrix had made a deed to the heirs of the lands devised them by the will. They refused these deeds and tendered back the rents collected by them. It was held there was no estoppel to contest the will, and it was said:

"Watson v. Watson, 128 Mass. 152, is a case where the general doctrine that any person taking a beneficial interest under a will confirmed it, yet it was said:

" 'An election made in ignorance of material facts is, of course, not binding when no other person's rights have been affected thereby. So, if a person knowing the facts has acted in misapprehension of his legal rights and in ignorance of his obligation to make an election, no intention to elect and consequently, no election is to be presumed.' ".

In Fitch v. American Trust Co., 4 Tenn. App. 87, it was held that where the contestant joined with his grandmother in bringing an action against his father to recover certain property and entered into a compromise agreement, and then later sought to break his father's will, that there was no estoppel for the reason that the son did not cause the father to do any act or take any course upon faith that the son would not after his death question his sanity.

■ Even where a contestant testified the probated will was in the handwriting of the testator, he would not be estopped to later contest the will upon the ground of mental incapacity or undue influence. Allred v. Allred, 5 Tenn. App. 200.

In Melody v. Hamblin, 21 Tenn. App. 687, 115 S. W. (2d) 237, 242, a question of estoppel was involved, and it was said of the contestants: "They have received no

benefits and made no election to take under this will, nor have they induced the proponent or any other person to act to his injury or to change his position for the worst by reason of any representations or conduct on their part. Unless they had done one or the other of these things, there can be no estoppel in pais upon them to make this contest." Citing Rogers v. Colville, supra, and Fitch v. American Trust Co., supra.

Although the foregoing authorities are not upon the specific point involved in the instant case, they announce general principles that are controlling.

There are many cases from other jurisdictions that are squarely in point against the plea of estoppel.

"Neither the mere acquiescence of next of kin in a probate in common form nor their call for proof in solemn form will preclude them from filing a caveat to the will when offered in solemn form." Abercrombie v. Hair, 1938, 185 Ga. 728, 196 S. E. 447, 450.

In the case of Succession of Butterworth, 195 La. 115, 196 So. 39, 41, there was involved a will which had an interlineation striking out a devise of an undivided interest in timberland. It was probated by the trustee and beneficiary therein named, who later undertook to question the validity of this interlineation. A plea of estoppel was filed, and in disposing of it the Court said: "The plea of estoppel is not good. Neither the trustee nor the legatee set up in the probate proceeding their present contention, and they were not obliged to do so. Aubert v. Aubert, 6 La. Ann. 104; Leonard v. Corrie, 10 La. Ann. 78; Sucession of McDonogh, 18 La. Ann. 419, 444; Gueydan v. Montagne, 109 La. 38, 33 So. 61. The rule taken by the executor was to fix inheritance taxes on certain special legacies. All necessary parties, including

the residuary legatees, were cited. The rule was taken without prejudice to the rights of the State or of the succession. A plea of estoppel is not favored in law and should not be maintained except in clear cases. It arises only where the party invoking it has been led to change his position to his injury by the party against whom the plea is urged. Louisiana Oil Refining Corp. v. Williams, 170 La. 218, 127 So. 606. The action taken without prejudice by the executor, for the purpose of fixing and discharging inheritance taxes due on special legacies, did not cause any alteration in the position of the residuary legatees, nor in any manner affect their rights.''

The case of Scott v. Dawson, 177 Okl. 213, 58 P. (2d) 538, 541, involved the validity of the will of an Indian of three quarters blood, under the restrictions against alienation imposed by the Acts of Congress, May 27, 1908, 35 Stat. 312. The testatrix named her husband as executor and beneficiary. Later he took the position that she had no power to alienate the homestead and that this would destroy the whole testamentary plan. In passing upon the plea of estoppel the Court said:

''It is further contended by the defendants that plaintiff, having presented the will for probate, and having sold certain portions of the land to the defendants here, cannot upon hearing of final report and distribution of the estate dispute the validity of the will; that such presentation of the will for probate and the sale of certain portions of the surplus allotment operates to estop him from the attack made.

''The case of Letts v. Letts, [73 Okl. 313, 176 P. 234], supra, is authority for our conclusion that the presentation of the will for probate can have no such effect as is contended by the defendants. To accept the contention that the sale, or attempted sale, of the surplus to the de-

fendants herein by A. M. Scott operates to estop an executor from the performance of his duty to espouse the distribution of an estate in accordance with law, would be in a case such as this equivalent to a nullification of the applicable congressional acts imposing restrictions upon Indian lands. Such acts on his part could in no way be construed as estopping the children of Ella Scott, because they did not participate therein, nor could his acts operate to make valid a conveyance of land which is void by reason of a violation of restrictions against alienation imposed by Congress. Smith v. Williams, 78 Okl. 297, 190 P. 555."

The case of Letts v. Letts, referred to in Scott v. Dawson, supra, is found in 73 Okl. 313, 176 P. 234, 236, involved the will of a Creek Indian, who left a will devising certain property to his mother for life with the remainder over to certain others. The mother probated the will and qualified as executrix. Afterwards she filed suit alleging the will was void because of the minority of the testator, who under the applicable Acts of Congress had no power of alienation. Estoppel was pleaded in bar of her action and sustained by the lower Court. On appeal this was reversed, the Court saying: "The doctrine of estoppel cannot operate as a bar to the right of plaintiff in error to maintain this action."

In Blatt v. Blatt, 79 Colo. 57, 243 P. 1099, 1103, 57 A. L. R. 221, a widow had probated the will of her husband and qualified as administratrix with the will annexed, and then filed suit to assert rights said to have been in opposition to the will. There was a plea of estoppel. In passing upon this question the Court pointed out that it was the duty of the widow if she knew of the will or had it in her possession to have it probated, saying "In tendering it for probate she did not vouch

for its validity or that it disposed of all the testator's property, nor did she waive her right to take under the statute, nor her right to take all of the property of the estate as the sole heir at law of her husband." Further, "The widow is not estopped by her conduct. The next of kin lost nothing by any of her acts, and they were not led to take the course they adopted because of her conduct. In Hodgkins v. Ashby, 56 Colo. 553, 139 P. 538, this court, in an elaborate opinion by Mr. Justice Bailey, held that the widow did not waive or lose her rights under our statute either in presenting, or by participating with others in presenting, the will for probate, or in making her election under the statute. As it was in force at the time of that decision, there was no time limit, as there is now, for making the election. In this case the widow, well within the existing limitation period, and at the same time she asked for a construction of the will and the determination of heirship, elected not to take under the will but under the statute. The doctrine of the Hodgkins Case is just as applicable to the widow's conduct in this case as it was in the conduct of the widow there. That decision is squarely against the contention here by the next of kin that the widow lost her right of election and her right to take either under the intestate or the wills statute. See, also, Binkley v. Switzer, 69 Colo. 176, 179, 192 P. 500, and Ferguson v. Holborn, 106 Or. 566, 211 P. 953."

In the case of Untermehle v. Norment, 197 U. S. 40, 25 S. Ct. 291, 49 L. Ed. 655, reference is made to the case of Watson v. Watson, 128 Mass. 152, mentioned in the case of Neal v. Crook, 2 Tenn. App. 370, supra, and the principle therein announced was approved, although the heir was held to have been estopped by reason of material

change in the position of the parties as well as by the lapse of time (10 years).

In the case of In re Biehn's Estate, 41 Ariz. 403, 18 P. (2d) 1112, it was held that the offering of will for probate and testifying in support thereof, did not estop an adopted child to thereafter contest it.

In Frank's Adm'r. v. Bates, 265 Ky. 634, 97 S. W. (2d) 549, 552, where a daughter of the testatory accepted appointment as administrator with the will annexed with full knowledge of all facts relative to the execution of the will and the capacity of the testator, it was held she was estopped from thereafter contesting the will on the grounds of mental incapacity. The opinion quotes the text in 68 C. J., Wills, Sec. 667, page 934,as follows: "The mere fact that the contestant is a qualified executor of the will he is attacking does not estop him, his right of action in such case not being affected by his subsequent resignation and discharge as executor; but an executor who becomes such with knowledge of the facts is estopped thereafter to contest the will."

Then it is said the cases of Gaither v. Gaither, 23 Ga. 521, and Molander v. Anderson, 214 Ill. App. 446, sustain that part of the quoted text to the effect that the mere fact that the contestant is the executor does not estop him from contesting the will. It is pointed out that the doctrine of election could not apply when the person had "no knowledge of the facts at the time, since in that case an obligatory choice on his part could not be made because of his ignorance of the facts, and which was the question before the Georgia and Illinois courts in the cases cited, supra, from those jurisdictions."

In Howard v. Howard, 268 Ky. 552, 105 S. W. (2d) 630, it was held that where a widow had the possession of her

husband's will, her production of it for probate would not estop her from contesting it.

The case of Langhirt v. Hicks, 153 Md. 31, 137 A. 482, 483, is not authority to the contrary. It holds that "an executor who becomes such *with full knowledge* of the facts may not subsequently, in his own interest, set up a claim adverse to the validity of the will."

To the same effect is Medill v. Snyder, 61 Kan. 15, P. 962, stating the general rule that where one receives and retains property under a will he thereby recognizes its validity, but that this rule does not apply where such person acted in ignorance of the facts and offered to return that which had been received.

In Gueydan v. Montagne, 109 La. 38, 33 So. 61, it was held that by the fact the heirs were parties to the probate proceedings they were not estopped to contest the will.

The text of 57 Am. Jur., Wills, Sec. 803, p. 544, is as follows: "The fact that one offers a will for probate. particularly where he does so pursuant to a statute which requires a person having custody of a will to present it for probate upon being advised of the death of the testator, or that he testified in support of a will propounded for probate, does not constitute an estoppel to contest the will after it has been admitted to probate. One otherwise entitled to contest a will after probate is not estopped to do so by having filed a waiver of notice and consent to probate for the purpose of permitting the will to be probated under the statutes upon formal proof of its execution. A widow's mere election to take under a will does not estop her from contesting the validity of the will, under a statute which describes the effect of such an election as a bar to dower and the distributive part of the personal estate due to her as surviving spouse without referring to any other effect or possible effect. But one

who has served as executor for a considerable period of time is estopped to attack the validity of the will immediately after resigning, in the absence of an explanation of his conduct.''

The contestees rely upon the following excerpt from 19 Am. Jur., Estoppel, Sec. 2, page 601: ''Speaking generally, however, it may be said that estoppel is a bar which precludes a person from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth, either by the acts of judicial or legislative officers or by his own deed or representations, either express or implied.''

■■ Certainly there is no fault to be found in this generality. As has been shown, and will later be adverted to, the alleged will was probated in *common form*, without knowledge of defects attending its execution. In Am. Jur. supra, Sec. 42, p. 642, it is said: ''The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation that such conduct shall be acted upon by the other party; (3) actual or constructive, knowledge of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.''

There is lacking the element of knowledge on the part of the person alleged to have been estopped, and the per-

sons claiming the estoppel have not changed their position prejudicially.

Contestees also rely upon Sec. 348 of Sizer's Pritchard on Wills, wherein it is said that where a person named in the will as executor, being also an heir, desires to contest it, ''it would be manifestly inconsistent and improper for him to propound the will for probate and qualify under it. Such a course would, doubtless, operate as an estoppel and prevent his afterwards impeaching the will or probate.'' This is true, but there is implied in it the fact that at the time of the probate such person had knowledge of the alleged defects.

There is also quoted a portion of Sec. 359 of Pritchard, in which it is said the executor ''By assuming the execution of the will, he virtually asserts its validity'', etc. This is preceded by a sentence, not quoted in the brief, viz., ''The executor has no right to file an answer admitting the allegations of the petition'' (of contest). When so read, this is a sound principle, but does not apply to this case.

It is argued that under the authority of Tipton v. Powell, 42 Tenn. 19, the contestant is judicially estopped. We think the proper rule is announced in the case of Perry v. Seviers County Beer Commission, 181 Tenn. 696, 184 S. W. (2d) 32, cited at page 838 of 235.S. W. (2d).

The case of Wynne v. Spiers, 26 Tenn. 394, contains this statement: ''It is well settled that it is not a matter of course to set aside the probate and re-probate the will, it would be of most mischievous consequences if it were so; a stranger will not be permitted to disturb the existing probate; a kinsman, who is not the nearest of kin, and who could take nothing under the statute of distributions, if there were no will, shall not disturb it; *the next of kin, duly notified by the executor to attend*

*and witness the proceedings on the first probate, shall not disturb it; and other cases might be supposed.''* (Emphasis supplied.)

That portion emphasized is relied upon to sustain an estoppel. We cannot so agree. The statement made was dictum, as the case did not involve that question. And it is significant to note that this case was subsequently cited in Cornwell v. Cornwell, 30 Tenn. 485, and at page 486 purports to quote this clause but omits that part relating to the next of kin duly notified.

██ ██ It is argued that, as Mrs. McClure was the only child and sole heir at law, her appearance at the probation of the will was the equivalent to its probation in solemn form. We cannot agree. It is true that ''the feature which distinguishes probate in solemn form from probate in common form is notice, or, what is the same thing, the voluntary appearance and intervention of the interested parties.'' Pritchard, Sec. 312. The distinction between the two forms of probate is too well known to require comment. In the instant case, there was no petition, but the informal method of probate in common form was used. We have pointed out that the contestees admitted in their answer that the probate was in common from. And such it was. The present contention is merely an afterthought.

The fact that Mrs. McClure was present did not convert this into a probate in solemn form, nor did her presence and action estop her from contesting the will, as has been shown by the authorities hereinbefore cited.

This disposes of the first assignment of error filed by the substitute executor, Birchfield.

██ Next it is argued that the Uniform Wills Statute, Ch. 125, Pub. Acts 1941, is unconstitutional as violative of the 14th Amendment to the Constitution of the U. S.,

174

that it is unreasonable making it possible for the witnesses to swear they did not sign in the presence of each other and thus destroy the will. This is unsound reasoning. To follow it would do away with the statutory requirements of any witnesses whatever, for fear they might testify adversely to the will.

Next, it is said the Act is broader than its caption, thereby violating Art. 2, Sec. 17 of the Constitution of Tennessee. It is captioned ''An Act to make uniform the execution of wills and repealing all Acts in conflict therewith.'' The constitutionality of this Act was declared In re Holliday's Estate, 180 Tenn. 646, 177 S. W. (2d) 826, and has been recognized by the appellate courts in many subsequent cases. We think this holding in the Holliday case, supra, is final and conclusive.

However, out of deference to counsel, we have carefully considered the arguments made and authorities cited, and are unable to find any vice in this enactment.

The generality of the title of any act is not objectionable, so long as it is not made a cover for legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection with the subject of legislation expressed in the body of the act. See many cases collected under Michie's Tenn. Digest,Vol. 14, page 218.

This Act is in direct and irreconcilable conflict with the statutes theretofore existing which are re-pealed by necessary implication. See cases collected in Vol. 14 Michie's Digest, p. 262 et seq. It is our opinion that the Act in question is a valid and constitutional enactment. The assignments of error of the contestees are overruled.

The assignments of error of the contestant going to the holding of the trial judge that she was estopped to

contest the will are sustained, and the case remanded to Circuit Court for trial upon the merits.

The cost incident to this appeal will be paid by the executors of the estate of S. L. Atchley.