No. 891

First Circuit

HARTFORD FIRE INS. CO. v. LANDRENEAU ET AL.
(WINDSOR SAVINGS BANK, Intervener)

(March 8, 1932. Opinion and Decree.)

Hawthorn, Stafford & Pitts, of Alexandria, attorneys for plaintiff, appellant.

Modisette & Adams, of Jennings, attorneys for intervener, appellant.

J. H. Dore, of Ville Platte, attorney for defendants, appellees.

LeBLANC, J. On October 24, 1923, Lucius Landreneau, Jr., executed an act of mortgage in favor of the American Investment Company of Oklahoma, covering certain property which he owned in the parish of Evangeline, to secure a note in the sum of $3,000. The act of mortgage contained the following stipulation which is copied verbatim:

"The said mortgagor bind_____ during the life of this mortgage to keep the buildings on said property insured against loss by fire and tornado to the amount of $_____, and deliver the policies to said mortgagee, with clause thereto attached subrogating said insurance to said mortgagee or its assigns as collateral security for said notes."

On January 28, 1924, Landreneau executed another mortgage upon the same property in favor of Peoples Bank & Trust Company to secure a note of $1,404.30.

After the execution of the last mortgage, the owner, Landreneau, erected a building used as a barn on the property, and on October 29, 1930, took out a fire insurance policy in the Hartford Fire Insurance Company in the sum of $500, of which $400 was to cover the barn and $100 certain corn and hay stored therein.

This fire insurance policy contained a mortgage clause under which the loss, if any, became payable to "Evangeline Bank & Trust Company of Ville Platte, La., mortgagee, as interest may appear." It should be mentioned here that the Evangeline Bank & Trust Company, had in the meantime acquired the mortgage and note of the Peoples Bank & Trust Company. It may properly be stated at this time also that the American Investment Company had likewise assigned its mortgage and note on the property to the Windsor Savings Bank of Windsor, Vermont.

On December 12, 1930, while the policy was in effect, the barn, with its contents, was totally destroyed by fire.

On March 17, 1931, the Hartford Fire Insurance Company appeared in court on a petition in which it alleged that the amount of loss had been fixed as between it and the assured, but that during the course of adjusting the loss, a claim had been set up by the American Investment Company under the covenant contained in the mortgage executed in its favor, and that because of the conflict of claimants which now existed, it desired to deposit the amount to be paid under the policy in the registry of the court and have the various

parties cited to appear and assert their respective claims to the fund. It prayed for an order decreeing a concursus proceeding necessary; that the clerk of court receive and take into his custody the sum of $500 due under the policy and by it deposited with him, and that the policy be canceled, and that the claimants be cited to appear and assert their demands against the fund thus created. It also prayed for costs, together with attorney's fees in the sum of $25.

On the same day that this petition was presented to him, the district judge signed an order commanding the clerk of court to take the insurance company's draft for $500 in his custody, collect and deposit the proceeds in the registry of the court subject to further orders, all of which was promptly done.

In answer to the citations issued to them, Landreneau, Evangeline Bank & Trust Company and American Investment Company all appeared. The Windsor Savings Bank intervened as assignee of the American Investment Company. The only parties having a real interest in the contest, however, are Evangeline Bank & Trust Company, holder of the policy under the loss payable clause, and the Windsor Savings Bank claiming right to the proceeds under the covenant in the mortgage in favor of American Investment Company, its assignor. The answer of Landreneau and Evangeline Bank & Trust Company was joined and in it they pleaded in reconvention that as more than sixty days have elapsed since the property had been destroyed by fire and since the adjustment of the loss, the insurer, Hartford Fire Insurance Company, should be made to pay the statutory penalty of 25 per cent of the amount of the loss and attorney's fees which they have contracted to pay in order to be represented in the proceeding, in the sum of $100. They pray for judgment against the insurer accordingly.

The appeal comes to us from a judgment in the district court which condemned the Hartford Fire Insurance Company in the full sum of $500 in favor of Lucius Landreneau, Jr., for the use and benefit of the Evangeline Bank & Trust Company, with legal interest from March 17, 1931, and in the further sum of 25 per cent statutory penalty and $50 as attorney's fees. The claims of American Investment Company and Windsor Savings Bank were denied and rejected at their cost.

---

## MOTION TO DISMISS

Appellees, Lucius Landreneau, Jr., and Evangeline Bank & Trust Company, have filed a motion to dismiss the appeal taken by Hartford Fire Insurance Company on the ground that it had failed to obtain an order of appeal from the judgment rendered against it and had filed the transcript of appeal in this court without first having obtained an order of appeal from the lower court either by motion in open court or by citation.

Referring to the extract from the minutes of court of date July 15, 1931, we find that "on motion of Modisette & Adams, attorneys for American Investment Co. and Intervenor Windsor Savings Bank and Hartford Fire Insurance Co., an appeal suspensive and devolutive is hereby granted to said defendants and made returnable to the Honorable First Circuit Court of Appeal, sitting at Opelousas, Louisiana, on September 12, 1931, upon their furnishing bond in the sum of $50.00 if devolutive and ac-

cording to law if suspensive." The mere reading of the entry, therefore, seems to dispose of the contention made that there was no order of appeal granted to the Hartford Fire Insurance Company. It is specifically designated by name, and the only suggestion or hint that the order is not proper and correct in every respect might arise from the fact that in referring to the capacity of the appellant as a party to this proceeding, it is said to be a defendant along with the other parties cast in the judgment and who were at the same time moving for an appeal. Aside from the fact that these appellees had filed a plea in reconvention against the Hartford Fire Insurance Company, in which naturally, that company became nominally a defendant in reconvention, and therefore technically may be said to have had its capacity properly designated, we think that the fact that having been mentioned by name in the motion for appeal, can leave no doubt of its intention to ask for an appeal and of the court's purpose to grant it one. The motion to dismiss is therefore overruled.

## ON THE MERITS

The first issue that is presented on the merits is the one regarding the effect that is to be given the insurance clause that appears in the mortgage to the American Investment Company of date October 24, 1923. This is the clause quoted word for word herein. Counsel's contention that the Windsor Savings Bank, the present holder of that mortgage, is entitled to the proceeds of the insurance policy as the first mortgagee, seems to be predicated on the assumption that the covenant regarding insurance was one which had the effect of making any insurance policy taken on the buildings situated on the property, subject to the rights of the mortgage. In other words, the contention made appears to us to have to be based on the legal proposition that because of the stipulation in the mortgage, any contract of insurance entered into subsequent to it, was one which ran with the property, and consequently the Evangeline Bank & Trust Company, holder of the second mortgage, took its rights under the policy of insurance in this case subject to the rights of the American Investment Company under its mortgage. That, however, is not the law, as it is well established that an insurance contract is a personal contract and never runs with the property insured. Vance on Insurance, page 418, in discussing the rights of the mortgagor and mortgagee in the proceeds of insurance upon the property mortgaged, among other things, says:

"As heretofore shown, the contract of insurance is strictly a personal contract, and never runs with the property insured. Accordingly it follows that where the mortgagor independently insures his own interest in the mortgaged premises, without reference to any contract with the mortgagee, the proceeds of such insurance in case of destruction of the property belong solely to the mortgagor, freed from any lien or other claim by the mortgagee. This rule obtains even though there may be a stipulation in the mortgage contract providing that the mortgagee may insure and charge the premiums to the mortgagor, to be covered by the security of the mortgage."

To the effect that an insurance policy is a personal contract between the insurer and the insured, "and not a contract which in any sense runs with the property," see, also, 26 C. J., page 434, section 581.

Of course, it is urged here that we are construing a covenant in a mortgage un-

der which the mortgagor bound himself to insure, but we do not think that the stipulation in that form could have the effect of changing the nature of the insurance contract and transform it from a purely personal one to one which ran with the property. The most that the mortgagee is entitled to under such an agreement, as we read the authorities we can find on the subject, is an equitable lien upon the proceeds of the policy to the extent of his interest in the property. This lien he most probably could successfully assert against the proceeds of a policy payable directly to the mortgagor. But where, in a case like this, the policy contains a rider under which the loss, if any, is made payable to another party specifically designated by name, the rights of that party to the proceeds, even though he be the holder of a second mortgage, cannot, in our opinion, be defeated if those provisions of law making an insurance contract strictly a personal contract which in no sense runs with the property, mean anything.

The judgment of the lower court therefore properly rejected the demands of the American Investment Company and of the Windsor Savings Bank.

We are of the opinion further, however, that the district judge erroneously imposed a penalty against the insurer for an alleged failure to have paid the loss within sixty days from the date of what is referred to by him as proof of demand. We are at a loss to understand how the district judge, granting that he would have been right in inflicting the penalty, could have assessed the same at 25 per cent of the total amount of the loss, as the statute which provides such penalty in the adjustment of fire insurance losses stipulates a penalty of only 12 per cent. See Act No. 168 of 1908. The trial judge may have had Act No. 59 of 1921 (Ex. Sess.) in mind in decreeing a 25 per cent penalty, but this statute, we find, applies to those insurance companies engaged in the business of insuring automobiles, trucks, motor propelled vehicles and other properties against fire and theft. The policy on which the loss is to be recovered must be one in which the property was insured against loss by both fire and theft, which is not the nature of the policy in this case.

But, as already stated herein, we do not believe that the case is one which warranted the imposition of any penalty whatever, as the insurance company certainly did all that it could reasonably have been required to do under the circumstances set out in its petition to the court asking for this concursus proceeding. There were two claimants presenting their demands for the proceeds while the loss was being adjusted with the insured, and the company, considering that it was not in the position to determine which of the claimants was entitled to be paid, took advantage of the provisions of Act No. 123 of 1922, appeared in court and asked to deposit the money which it held in its hands in the registry of the court. As a matter of fact, to this date, the money has not been paid to any one for the very reason that under the order of court granted on the insurance company's application, it is being held on deposit, subject to the final orders and decrees, not only of the district court, but also of any appellate court.

To condemn the insurance company to pay a penalty under the circumstances of this case would seem like punishing a person for doing his duty according to what he conceived to be the law, and this before the eyes of the very court which punishes him and under its orders, as it were. Clearly, we do not believe it to be a case in which the penalty prescribed by Act No. 168 of 1908 should be exacted.

The judgment of the lower court is erroneous in another respect in that it decrees a monied judgment against the insurance company without taking into consideration the fund deposited in the registry of the court out of which such judgment is to be paid. We have no doubt but that it was intended under the decree of the court that that is what should be done. We feel, however, that the decree should so state, and in addition thereto that the insurance company is entitled to have its policy canceled and surrendered as prayed for. The amount demanded by it for attorney's fees and costs incident to provoking this concursus under Act No. 123 of 1922, will be denied for lack of proof.

We deem it proper to recast the judgment, and for the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment of the lower court be now set aside and annulled, and it is further ordered, adjudged, and decreed that there be judgment herein in favor of Evangeline Bank & Trust Company against the fund of $500 deposited in the registry of the court, being the proceeds of that certain insurance policy taken out by Lucius Landreneau, Jr., with the Hartford Fire Insurance Company, of date October 29, 1930, and it is further ordered that the clerk of court of the parish of Evangeline pay the said sum of $500 now in the registry of the court to the said Evangeline Bank & Trust Company, in full settlement of the loss payable under the said policy, and that the latter be canceled and surrendered to the Hartford Fire Insurance Company.

It is further ordered that the demands of Windsor Savings Bank and of American Investment Company be rejected and denied and that they pay all costs of this proceeding.