**ROBINSON et al. v. PHŒNIX ASSUR. CO., Limited.**

**No. 1219.**

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

Mat J. Allen, of Amite, for appellees.

LE BLANC, Judge.

This suit is brought to recover on an insurance policy issued by the defendant insurance company in the name of William O. Robinson. William O. Robinson and Mrs. Annie McGuffee Robinson are husband and wife, and they are not separate in property.

The property insured under the policy sued on belonged, at the time the insurance was taken, to the community between Mr. Robinson and his wife, and the contract was therefore properly entered into with him as head and master of the community. A few weeks after the issuance of the policy, however, Mr. Robinson transferred the property, with other, to his wife, as a dation en paiement. The act of dation en paiement makes no mention of the insurance policy; nor does there appear to have been a formal assignment made under the terms of the policy itself.

During the life of the policy, the property, which in the meantime had been transferred to the wife, was destroyed by fire. On refusal of the defendant company to pay the loss, this suit was instituted in the name of both the husband and the wife; but it is significant that the prayer of the petition is for judgment in the name of the wife alone.

In the district court judgment was rendered in favor of Mrs. Annie McGuffee Robinson for the full amount of the face value of the policy, together with 12 per cent. penalty and attorney's fees. The defendant thereupon appealed.

The principal defense is that there was a violation of the terms of the policy by reason of the transfer of the property to the wife, which transfer, it is urged, effected a change of title and interest in the subject of insurance.

The theory on which the wife in this case seeks to recover is, as we understand it, that the policy of insurance, although taken out in her husband's name, was nevertheless a community asset in which she had an interest as well as in the property insured, and that she acquired the same along with the property when the latter was transferred to her by the act of dation en paiement. Indeed, it is specifically alleged in the petition that by said act of dation en paiement she did not divest herself of her community interest which she

already had in said property and insurance, but became the owner of the whole of both.

Of course we regard the allegation in the petition, that Mrs. Robinson acquired the policy of insurance with the property, as merely a conclusion of law on the part of the pleaders; and, in our opinion, an erroneous conclusion at that, for it is well recognized by all authorities on the subject that an insurance contract is strictly a personal contract and does not run with the property. We had occasion to consider this question in the case of Hartford Fire Insurance Company v. Landreneau et al., 19 La. App. 280, 140 So. 52, and there held accordingly.

Therefore, if Mrs. Robinson should be considered to have become the owner of the whole property insured, we do not see how she can recover judgment in her name on an insurance policy contract issued in the name of her husband, which never was transferred or assigned by him to her. In Couch's Cyclopedia of Insurance Law, vol. 8, § 2065, it is distinctly stated that: "A wife cannot recover on a fire insurance policy written in the name of her husband." On the other hand, if recovery in this case depends on any community rights or interests being involved in the property and in the policy, she is not the proper party to stand in judgment, as it is the husband, as head and master of the community, who has the right and whose duty it is to vindicate the claims and rights of the community. This we held in the case of Breland et al. v. Great States Insurance Company, 150 So. 313, in an opinion and decree this day handed down on rehearing.

It may be that Mr. Robinson, the husband, even though the property be considered as that of his wife, would have the right to prosecute a claim for the insurance on the policy sued on in this case, but this he would have to do in his name and judgment would have to be prayed for in his favor. The case of Clarke v. Firemen's Insurance Company, 18 La. 431, may indicate authority to that effect. In Ruling Case Law, vol. 14, p. 917, par. 94, it is stated that: "There is authority to the effect that a man has an insurable interest in a house the title to which is in his wife, but which, with her consent, he occupies as a dwelling for himself and family, and that he may recover the face value of the policy, on destruction of the property, in case such value does not exceed the loss."

Such right, as the husband in this case has, will be reserved to him.

It is therefore ordered that the judgment appealed from be, and the same is hereby, set aside, annulled, and reversed, and that the suit of Mrs. Annie McGuffee Robinson be dismissed at her costs; and it is further ordered that whatever right Wm. O. Robinson may have with regard to the policy of insurance sued on, be, and the same is hereby, reserved

to him in any further proceeding he may institute in his own name, subject, however, to any and all further defenses the defendant may be entitled to.