20 N.J. Super. 594 (1952)
90 A.2d 138
FAY SLONIM, PLAINTIFF,
v.
GLOBE INDEMNITY COMPANY, A CORPORATION OF NEW YORK, AND SAUL Z. STEINWEISS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 26, 1952.
*595 Messrs. Harris & Harris (Mr. Herman J. Harris appearing), attorney for the plaintiff.
Mr. Reynier J. Wortendyke, Jr. (Mr. William O. Barnes, Jr., appearing), attorney for the defendant Globe Indemnity Company.
SPEAKMAN, J.C.C.
In her complaint the plaintiff alleges that on or about February 11, 1951, while a guest in the household of defendant Saul Z. Steinweiss, her Russian broadtail fur coat was stolen; that the value of said coat when stolen was $1,500; that on February 29, 1950 the defendant Globe Indemnity Company, Inc., had issued a policy of insurance to defendant Steinweiss of 257 Lehigh Avenue, Newark, New Jersey, under the terms of which it undertook to insure for three years against theft or burglary of jewelry and furs of said Steinweiss, or guests of his house-hold, *596 to the extent of $1,500. It is further alleged that Steinweiss was asked to join with the plaintiff as a party plaintiff in this suit, and having refused to do so, he was joined as a party defendant. Said defendant has not filed an answering pleading.
The defendant insurer admits the issuance of the policy and that it was in effect when the loss took place. Defendant contends that coverage under the policy was not afforded to the plaintiff; that the property stolen was not that of the named insured; and that plaintiff is not a party to the policy contract nor was it made for her benefit.
At the oral argument it was admitted by defendant that the loss occurred under circumstances amounting to theft under the terms of its policy, and that at the time of the loss the coat had been in the master bedroom of the defendant Steinweiss' home, which room is in a part of the premises occupied exclusively by the insured's household.
Both the plaintiff and the defendant-insurer rely on the written contract of insurance and agree that the construction and effect of the contract is a matter of law. Both parties have moved for summary judgment under Rule 3:56.
The contract sued upon is a burglary policy conforming to the requirements of the State of New Jersey. On the face of the policy, under the title "Declarations," the name of the insured is given as Saul Z. Steinweiss. This statement standing alone does not indicate whether or not coverage is afforded by the policy to guests of the insured. It therefore becomes necessary to examine the provisions of the policy contract to determine its coverage.
Insuring Agreement I, Coverage A, theft from the premises, provides that insurer agrees:
"To pay for loss by theft from the premises * * * of such of the following classes of property * * *
(a) jewelery * * * furs."
This general coverage is not restricted to property of the insured except as set forth in the following independent *597 paragraph appearing at the end of Insuring Agreement I, Coverage A, which reads as follows:
"With respect to loss occurring at any part of the premises not occupied exclusively by the insured's household, this insuring agreement applies only to property owned or used by the insured or a permanent member of his household or owned by a residence employee thereof."
The defendant argues that the provisions just above quoted should be read together, as follows:
"to pay for loss by theft from the premises * * * of * * * (a) * * * furs * * *" and further, "with respect to loss occurring at any part of the premises not occupied exclusively by the insured's household. This insuring agreement applies only to property owned or used by the insured or a permanent member of his household or owned by a resident employee thereof."
The defendant's proposed construction would completely disregard several intervening paragraphs and at the same time would replace the comma in the last paragraph of Coverage A with a period. Thus read, the last clause of the paragraph would constitute an unqualified rather than a qualified exception to the general coverage afforded by the preceding provisions of Insuring Agreement I. There is nothing in the policy which requires or even suggests that these provisions should be so construed.
Insuring Agreement I, Coverage B, theft away from the premises, provides that insurer agrees:
"To pay for loss by theft * * * away from the premises of personal property insured under Coverage A which is owned or used by the insured or a permanent member of his household or is owned by a residence employee thereof."
It will be observed that here the property mentioned is that which is owned by the insured whereas in Coverage A the property mentioned is any that is stolen from the premises with the qualified exception previously discussed.
*598 Under the "Exclusions" provision of the policy it is provided that:
"This policy does not apply:
* * * (d) to loss sustained by a person not related to the insured who pays board or rent to the insured." (Italics added.)
This provision adds weight to the argument that the policy is intended to afford coverage to others in addition to the named insured.
Further indication that the policy does not restrict coverage exclusively to the named insured is found in the section entitled "Conditions":
"2. Limits of Liability and Settlement Options.
The company may pay for the loss * * * and may settle any claim for loss of property either with the insured or the owner thereof."
Although this section does not per se establish coverage for guests, it suggests that the policy coverage extends to all property on the premises except that which is expressly excluded.
Paragraph 5, under "Conditions," provides:
"The insurance afforded by this policy shall not enure directly or indirectly to the benefit of any carrier or bailee."
The express exclusion of bailees allows an inference that coverage is to be afforded to bailors. Under the circumstances of this case, the plaintiff may be deemed a bailor.
The policy insures, inter alia, goods on the premises. In view of the fact that the policy does not state that it affords protection only to the named insured, and since several of its provisions do cover the loss which is the subject matter of this suit, a reading of the entire policy leads inescapably to the conclusion that it covers the loss sustained by the plaintiff, a guest of the named insured.
*599 Apparently, prior occasion for construction of this policy has not arisen in this State. However, in a persuasive opinion Chief Justice Riner, speaking for the Wyoming Supreme Court, held that a policy substantially similar to the one involved here did afford coverage to a guest. Wilson v. Hawkeye Casualty Co., 67 Wyo. 141, 215 P.2d 867 (1950).
The conclusion herein reached as to the proper construction of the policy in suit finds support in various insurance trade publications. See: "Burglary R. 3," (16th printing), December 1949, Fire Casualty and Surety Bulletin published by National Underwriting Co., 123 William St., New York City; John H. Magee, General Insurance (1950), at p. 650; "Rough notes  Monthly Policy Form and Manual Analyses," file: Case 250.15, July 1951. While these articles are in no sense binding, they certainly constitute aids to the construction of the contract which should not be ignored by a court of law. As to the broadening concepts of our courts which enable the use of pertinent extrinsic materials in ascertaining the proper meaning of written contracts, see the comment of Mr. Justice Jacobs in his concurring opinion in Board of National Missions v. Neeld, 9 N.J. 349 (1952), at p. 361.
For the above stated reasons the motion of the defendant is denied and the motion of the plaintiff, except insofar as it deals with the amount of the damages, is granted.