286 So.2d 465 (1973)
AGENCY MANAGEMENT CORPORATION et al.
v.
GREEN ACRES REALTY, INC., et al.
No. 9550.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Refused February 8, 1974.
*466 Samuel M. Cashio, Baton Rouge, for Anthony Collette.
Robert A. Hawthorne, Jr., Baton Rouge, for Great S. W. Fire Ins. Co., Lloyds of London, and all insurance companies involved.
Gerard E. Kiefer, Baton Rouge, for Wm. F. Lawless, Sr., and Green Acres Realty Co.
Before SARTAIN, TUCKER and WATSON, JJ.
WATSON, Judge ad hoc.
Agency Management Corporation, a Louisiana corporation which serves as general agent for Jefferson Insurance Company of New York, Great Southwest Fire Insurance Company, Interstate Fire and Casualty Company and Lloyds of London, filed this suit, together with those four foreign insurance companies and Cook & Cook, Inc., a Louisiana corporation in the business of insurance adjustment, to determine the liability of the four insurance companies in connection with four policies of fire insurance. Each policy was issued through Agency Management Corporation; each named William Lawless as insured; and each provided fire insurance to a limit of $5,000.00 on a one-story building operated as Collette's Blanks Texaco, located on the north side of U. S. Highway 190 at Blanks in Pointe Coupee Parish, Louisiana. The policies *467 did not contain a provision for payment of any proceeds to those holding mortgages against the property, Anthony N. Collette and Frank J. Sansone. The record owner of the property was Green Acres Realty, Inc.
The insured property was destroyed by fire, the loss exceeding the total due under the four policies.
Plaintiffs denied liability under their policies; alternatively, they pleaded a maximum liability of $5,000.00 each and asked that judgment be rendered decreeing which of the defendants, Green Acres Realty, Inc., William F. Lawless, Sr., Frank J. Sansone or Anthony N. Collette, is entitled to the proceeds of the policies and to what extent.
An exception of res judicata was filed by Green Acres Realty, Inc. and William F. Lawless, Sr. as to defendant, Anthony N. Collette, alleging that any claim by Collette had been previously adjudicated in "`Anthony N. Collette vs. Green Acres Realty, Inc., et al, Suit Number 155,788, Division "J", 19th Judicial District Court;'" (TR. 19) judgment having been rendered in that matter on May 15, 1972, and no appeal having been taken. This exception was overruled by the trial court at a hearing on June 29, 1972. We do not have the benefit of the record in Suit Number 155,788; LSA-C.C.P. art. 4652 clearly provides: "No claimant may be impleaded in a concursus proceeding whose claim has been prosecuted to judgment." In any event, the question of whether Collette should have been a party to this concursus is moot, since we believe the trial court's decision awarding Lawless the proceeds of the policies to be correct.
Defendant, Frank J. Sansone, was precluded from answering the suit or asserting any claim herein by an order of the trial court issued under the provisions of LSA-C.C.P. art. 4657. His appeal from this order to the Court of Appeal, First Circuit, for writs of certiorari, prohibition and mandamus was refused.
The matter was heard on the merits, and the trial court found: Lawless had an insurable interest in the property by reason of being the principal and controlling stockholder in Green Acres Realty Inc., the owner, with 64% of its stock and having a substantial investment in both time and money in the insured property. Rube v. Pacific Insurance Company of New York, 131 So.2d 240 (La.App. 1 Cir. 1961); Davis-Wood Lumber Co., Inc. v. Insurance Company of North America, 154 So. 760 (La.App. 1 Cir. 1934); Union Central Life Ins. Co. v. Harp, 203 La. 806, 14 So.2d 643 (1943). Lawless personally paid the premiums on the four policies to protect his interest in the property and did so in his own name, not that of Green Acres Realty, Inc. Green Acres Realty, Inc.'s interest in the property was uninsured. In the absence of a loss payable clause in the policies, Collette, the mortgagee who sold the property to Green Acres, had an uninsured interest in the property. Since Green Acres Realty, Inc. and not Lawless was the mortgagor of the property, the doctrine of "equitable lien" which operates in favor of the mortgagee against the mortgagor was inapplicable. As president of Green Acres Realty, Inc., Lawless had a fiduciary duty only to the corporation and not to its creditor, Collette.
Therefore, the trial court rendered judgment against all plaintiffs in favor of William F. Lawless, Sr., the named insured, awarding him the sum total of the proceeds of the four policies or $20,000.00, together with legal interest and all costs.
Defendant, Anthony N. Collette, has appealed from the judgment of the trial court, contending that Lawless has received unjust enrichment and equitable principles should be applied to give Collette the benefit of the policies. These contentions are without merit; we agree with the trial court that Lawless had a substantial interest in the insured property which he personally insured against loss.

*468 "`As heretofore shown, the contract of insurance is strictly a personal contract, and never runs with the property insured. Accordingly it follows that where the mortgagor independently insures his own interest in the mortgaged premises, without reference to any contract with the mortgagee, the proceeds of such insurance in case of destruction of the property belong solely to the mortgagor, freed from any lien or other claim by the mortgagee. This rule obtains even though there may be a stipulation in the mortgage contract providing that the mortgagee may insure and charge the premiums to the mortgagor, to be covered by the security of the mortgage.'" Hartford Fire Ins. Co. v. Landreneau, 19 La.App. 280, 140 So. 52 at 54 (1 Cir. 1932).
The plaintiffs have also appealed, alleging that the trial court erred: (1) in giving judgment against Agency Management Corporation and Cook and Cook, Inc., who acted merely as agents for the four insurance companies; (2) in rendering a judgment for $20,000.00 against all plaintiffs rather than giving individual judgments against each company in the amount of $5,000.00; (3) in rendering a judgment against all plaintiffs rather than ordering the $20,000.00 deposited in the registry of the court and recognizing Lawless' claim to the fund; (4) in assessing interest and court costs against plaintiffs.
As to (1), it is not disputed that Agency Management Corporation and Cook and Cook, Inc. should not have been cast in judgment or possibly even made parties to the proceedings. The language of the judgment indicates that only the four insurance companies are liable and then only for the amounts of their respective policies, but, in the interest of absolute clarity, the judgment will be amended to specify that the plaintiffs against whom judgment is given are Jefferson Insurance Company of New York, Great Southwest Fire Insurance Company, Interstate Fire and Casualty Company and Lloyds of London.
As to (2), the language of the judgment, which awards Lawless "... the sum of TWENTY THOUSAND AND 00/100 ($20,000.00) DOLLARS ($5,000.00 per insurer), constituting the sum total of the proceeds of the four insurance policies;" (TR. 89) makes it clear what is intended; that is, that each of the four insurance companies is to pay $5,000.00. Since a concursus proceeding is essentially a proceeding in rem, a sum or fund is contemplated and individual judgments would be inappropriate. Louisiana Oil Refining Corporation v. Williams, 170 La. 218, 127 So. 606 (1930).
As to (3), plaintiffs could have requested leave of court to deposit the proceeds of the policies in the registry of the court under the provisions of LSA-C.C.P. art. 4658. It is pointless to require a deposit at this time, instead of having the proceeds of the policies paid directly to Lawless.
As to (4), plaintiffs could have escaped liability for costs and interest by making a deposit in the registry of the court of the proceeds of the four policies. LSA-C.C.P. arts. 4658, 4659, Waguespack Pratt, Inc. v. DeSalvo, 225 So.2d 269 (La. App. 4 Cir. 1969), writ refused 254 La. 846, 227 So.2d 592 (1969), Luttrell v. State Farm Mutual Automobile Insurance Company, 244 So.2d 97 (La.App. 3 Cir. 1971). Since plaintiffs chose to deny liability under their respective policies and keep the use of their funds during these proceedings, we believe that the trial court properly awarded Lawless interest. The question of assessing cost was completely within the discretion of the trial court. LSA-C.C.P. art. 4659.
It is therefore ordered, adjudged and decreed that the judgment of the trial court be amended to give judgment in favor of defendant, William F. Lawless, Sr., and against the plaintiffs, Jefferson Insurance *469 Company of New York, Great Southwest Fire Insurance Company, Interstate Fire and Casualty Company and Lloyds of London, awarding William F. Lawless, Sr. the sum of $20,000.00 ($5,000.00 per insurer), constituting the sum total of the proceeds of the four insurance policies issued by said plaintiffs, together with legal interest from the date of judicial demand until paid, and all costs.
Costs of this appeal are taxed one-half against plaintiffs, Jefferson Insurance Company of New York, Great Southwest Fire Insurance Company, Interstate Fire and Casualty Company and Lloyds of London and one-half against defendant, Anthony N. Collette.
Amended and, as amended, affirmed.