315 So.2d 826 (1975)
EAGLE STAR INSURANCE COMPANY, LIMITED, Plaintiff-Appellant,
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Defendant-Appellee.
No. 5071.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
*827 Voorhies & Labbé, by H. Lee Leonard, Lafayette, for plaintiff-appellant.
Plauche, Smith & Hebert, by A. Lane Plauche, Lake Charles, for defendant-appellee.
Before FRUGÉ, HOOD and MILLER, JJ.
FRUGE, Judge.
Paul Fournet's insurer Eagle Star Insurance Company, Limited, appellant herein, brought this suit against Perry Segura's insurer General Accident Fire and Life Assurance Corporation, Limited, appellee herein, for recovery of $40,000 which appellant allegedly had paid Paul Fournet under an aircraft policy covering a Cessna 310L which crashed April 1, 1971. Appellant contends that when Fournet purchased the plane from Segura, Fournet automatically became the insured under Segura's policy. The trial court rejected the claim and dismissed the suit. We affirm that dismissal.
Before February 16, 1971, Perry Segura, the appellee's insured, was the owner[1] of a 1967 Cessna 310L. For the policy period of April 4, 1970 to April 4, 1971, the appellee had in effect an insurance policy covering the Cessna with various coverages, including coverage for physical damage to the aircraft under which the appellee agreed with its insured to insure against all risks of physical loss of or damage to the aircraft. On February 16, Segura sold the Cessna to Paul Fournet by written aircraft bill of sale. On the date of the accident, April 1, 1971, Fournet was the sole owner of the aircraft.
The appellant had in effect a policy in favor of Paul Fournet for the policy period from December 18, 1970 to December 18, 1971, which period includes the date of the crash. This policy provided automatic coverage for all aircraft owned or acquired by Paul Fournet, including the Cessna involved in this litigation.
At no time prior to the accident was the appellee's policy assigned to Paul Fournet.
The opinion of the trial judge outlined the appellant's arguments and authorities, and rejected the position of the appellant stating that two settled rules of law require the dismissal of the appellant's suit. The first is that a policy of insurance is a personal contract between the parties and does not run with the property in the absence of a stipulation to the contrary. The second is that in order to enforce an insurance policy there must be an insurable interest at the time of the issuance of the policy and also at the time of the loss. *828 Finding that the insurance policy was a personal contract between the appellee and Segura, and finding that Segura had no insurable interest in the plane at the time of the loss, the trial judge dismissed the appellant's suit.
The appellant's first argument is that the appellee's insurance policy is ambiguous and that the ambiguity should be resolved against the insurer and in favor of the insured. The argument seems to be that since the policy taken out on the aircraft by Segura included the date on which the accident occurred, the policy was still in force at the time of the loss. The second step in the argument is that the policy was ambiguous because it did not clearly limit the provisions of the policy to coverage of losses sustained by Segura but rather pertained to any loss of the plane no matter who the owner might be. In other words, the appellant is arguing that after the date of the sale Segura no longer was the insured; rather, Fournet became the insured under the terms of the policy as owner of the aircraft. The appellant supports this contention by arguing that the policy required only that Segura be the sole and unconditional owner of the insured aircraft at the time the policy was issued and that it does not require that he be owner when the loss occurs. The appellant supports the contention that the policy did not insure Segura but rather the aircraft itself, no matter who might be the owner at the time of the loss, because the policy states in Part 3 that it is to insure "all risks of physical loss of or damage to the aircraft" without specifying any particular person who is insured.
The appellant supports this contention by citing Slonim v. Globe Indemnity Co., 20 N.J.Super. 594, 90 A.2d 138 (1952), which involved the interpretation of a burglary policy. The plaintiff in that case was a guest in the household of defendant Steinweiss. While a guest of Steinweiss the plaintiff's fur coat was stolen. Steinweiss had been issued a policy of insurance by defendant Globe Indemnity Co., under the terms of which Globe undertook to insure against theft or burglary of jewelry and furs. Globe contended that since the coat did not belong to Steinweiss, the named insured, its theft was not covered by the policy. The court concluded that a reading of the entire policy indicated an intent that it provide coverage to others in addition to the named insured. The appellant herein cites the "all-risks-of-physical-loss" language in appellee's policy and argues that this indicates an intent to provide coverage to others in addition to the named insured.
The appellee counters the arguments of the appellant in the following manner. With regard to the argument of the appellant that the insurance policy requires only that Segura be sole and unconditional owner of the aircraft at the time the policy was issued and not at the time of the loss, the appellee argues that R.S. 22:614 requires that the insured have an insurable interest both at the time of the issuance of the policy and at the time of the loss. With regard to the argument that the policy does not specify a particular person who is insured under Part 3 of the policy covering physical damage to the aircraft, the appellee argues that this contention ignores the declarations of the policy which form the preamble to the insuring agreement, which declaration states that the agreement is made between the insurance company and the named insured, i.e., Segura.
This last argument, combined with the long line of jurisprudence on the subject, is the basis for the contention by the appellee that an insurance policy is a personal contract between the insurance company and the insured which does not run with the property. Numerous cases are cited by the appellee's support of this contention. In Union Central Life Insurance Company v. Harp, 203 La. 806, 14 So.2d 643, (1943) the Supreme Court of Louisiana stated:
"The rule that a policy of fire insurance is a personal contract and does not *829 pass with the sale of the property covered, in the absence of a special assignment to the vendee, is universally recognized." 14 So.2d at 647.
In Hartford Fire Insurance Company v. Landreneau, 19 La.App. 280, 140 So. 52 (1st Cir. 1932), the court, in rejecting the argument that a fire insurance policy ran with the property and inured to the benefit of a mortgagee not named in the policy, stated the following:
". . . That however is not the law, as it is well established that an insurance contract is a personal contract and never runs with the property insured. Vance on Insurance, page 418, in discussing the rights of the mortgagor and mortgagee in the proceeds of insurance upon the property mortgaged, among other things, says: `As heretofore shown, the contract of insurance is strictly a personal contract, and never runs with the property insured. . . .'
"To the effect that an insurance policy is a personal contract between the insurer and the insured, `and not a contract which in any sense runs with the property,' see, also, 26 C.J. page 434, § 581." 140 So. at 54.
A similar result was reached in Robinson v. Phoenix Assurance Company, Ltd., 150 So. 317 (La.App. 1st Cir. 1933) in which the court said:
"Of course we regard the allegation in the petition, that Mrs. Robinson acquired the policy of insurance with the property, as merely a conclusion of law on the part of the pleaders; and, in our opinion, an erroneous conclusion at that, for it is well recognized by all authorities on the subject that an insurance contract is strictly a personal contract and does not run with the property. We had occasion to consider this question in the case of Hartford Fire Insurance Company v. Landreneau, et al, 19 La.App. 280, 140 So. 52, and there held accordingly." 150 So. at 318.
The insurance policy issued by the appellee was a personal contract between it and Perry Segura, insuring Segura for loss of or damage to the Cessna 310L, and we do not read the policy as a whole as intended to cover loss of the aircraft after its sale to Fournet. This policy did not run with the aircraft when it was sold to Paul Fournet. In the absence of any assignment neither Fournet nor its insurer, the appellant herein, has any right under the policy. In an attempt to overcome this principle the appellant has cited Woodruff v. Southeastern Fire Insurance Company, 426 F.2d 555 (5th Cir. 1970), to the effect that the subsequent transfer of title to the aircraft in no way invalidated the insurance. The appellant quoted from the above case as follows:
". . . We think that the answer to any such argument is that the policy contained no provision or condition that coverage would cease in case of a change in the interest, title or possession of the property insured without the insurance company's consent. In the absence of some such provision, a change of title as to the property insured does not void the policy unless it increases the risk of loss . . ."
As noted by the appellee in its brief the appellant stopped the quotation from the Woodruff case too soon. The quotation continues as follows:
". . . or unless the insured no longer has any insurable interest in the property." 426 F.2d at 561.
The Woodruff case itself, therefore, indicates that the policy is voided when the insured no longer has an insurable interest in the property. Moreover, it should be noted that the above language dealt with the rights of the insuredvendor vis-a-vis the vendor's insurer, not with the rights of the *830 vendee vis-à-vis the vendor's insurer. In the Woodruff case the plaintiffs were owners of a home at the time the insurance contract was entered into with the insurance company. Later the plaintiffs sold the home retaining the right to possession of the home for a certain period of time after the sale. Prior to the termination of this right of possession the home was destroyed and the plaintiffs-vendors attempted to collect under the insurance policy issued to them insuring against loss of the home. The language quoted from the case by the appellant deals with the rights of the parties to the insurance contract, i.e., the insurance company and the insured-vendor of the property. It does not deal with the rights of the vendee to recover against the vendor's insurer. Contrary to the contention of the appellant, the rule set forth in the Woodruff case does not change the general rule that an insurance policy is a personal contract between the insurer and the insured, which does not inure to the benefit of a third person without an assignment of the policy.
At the time of the loss, April 1, 1971, Segura had no insurable interests in the Cessna aircraft, having sold it to Fournet about six weeks before, February 16, 1971. Neither Fournet nor the appellant was a party to the insurance contract, which was a personal contract between the appellee and Segura, and they had no right of recovery under the policy issued by the appellee. Nor could they acquire any right of recovery under the policy issued by the appellee without a proper assignment of that policy prior to the accident. Since the appellant and Fournet were not assigned any rights under that policy, there can be no recovery by the appellant under the policy issued by the appellee to Segura.
For the reasons assigned the judgment of the trial court is affirmed at plaintiff-appellant's cost.
Affirmed.
NOTES
[1] Segura had a lease purchase arrangement with Commercial Credit Equipment Corporation, but for purposes of this suit he was considered owner of the 310L.