WATSON, Judge.
Plaintiff, Carroll W. Maxwell Lumber Company, Inc., a Louisiana corporation, brought this suit against defendant, Jefferson Insurance Company of New York, to recover for malicious damage to a piece of equipment, a model 135-B Franklin Skid-der, under a policy issued to Tommy Wayne Lashley by the defendant insurer. The trial court gave plaintiff judgment for $5,600, which it found to be the cost of repairing the skidder at the time it was vandalized in December, 1974. The defendant insurance company has appealed, contending that the trial court erred:
1. in holding that Lashley was the owner of the skidder in 1974 and transferred ownership to Maxwell Lumber Company in June, 1975 by an act of sale and assignment;
2. in holding that Jefferson’s policy was in effect on the date of the damage and that plaintiff Maxwell was entitled to recover on that policy;
3. in the alternative, in making an excessive award.
FACTS
Tommy W. Lashley was employed by the plaintiff lumber company in November of 1973, and the president of the company, Carroll W. Maxwell, endorsed Lashley’s note for the purchase of the skidder. Lash-ley bought the skidder from H. & P. Equipment Company in Pineville to drag logs in the course of his job. Lashley remained with the lumber company about two months afterward and made four monthly payments of $377.48 each on the note, paying installments from December, 1973 through March of 1974. President Maxwell was contacted several months later by the Security First National Bank because the note was in arrears. The note, which had been discounted to the bank, included a premium of $450 for insurance. Maxwell commenced making the payments and eventually paid the balance of $7614.60, upon which the bank sent the original note and chattel mortgage to Maxwell.
Lashley apparently signed a “VOLUNTARY SURRENDER FORM” dated August 21, 1974, which Ronald Everett Wilkins, an employee of First Security, identified as a standard form used by the bank when releasing a debtor and taking his collateral. However, the bank’s name is not on the form; it has Tommy Wayne Lash-ley’s name typed in as the creditor and does not indicate to whom the “surrender” is made.
The skidder was picked up by H. & P. Equipment Company on December 14,1974, and Maxwell was advised that it had been vandalized. Maxwell asked Lashley to transfer his interest in the skidder and any insurance proceeds to Maxwell, which Lash-ley did. In evidence is the act of sale and assignment, dated June 13, 1975, whereby Lashley assigned all of his interest in the skidder as well as all rights against Jefferson Insurance Company of New York on the policy covering the skidder to Carroll W. Maxwell Lumber Co., Inc.
James A. Prentice, a co-owner of H. & P., gave an estimate of $6815 in damages, including about $1200 for subsequent damage resulting from failure to repair, the repair figure in December, 1974, being approximately $5600.
Gerald Nichols, insurance appraiser for Crawford & Company, testified that he had made an estimate of the cost of repairing the Prentice skidder as of March 2, 1975. His estimate of damages was $1,155.11. He apparently did not determine whether or not the skidder would run and included only the obvious damages in his estimate.
The policy shows the named insured as Tommy Wayne Lashley and states that losses are payable to the insured and/or Security National Bank as their respective interests may appear. The policy period is from November 16, 1973, to November 16, 1975.
ISSUE
The primary issue is whether Lashley owned the skidder at the time of the damage.
*372 CONCLUSION
It is contended that the voluntary surrender form operated to divest Lashley of his ownership of the skidder prior to the occurrence of the damage. Significantly, this form does not include: (1) the name of the party or parties to whom Lashley purported to release the skidder; (2) a provision that Lashley himself was released from anything; or (3) a signature or execution by any creditor or any other person. The instrument, due to ambiguity and lack of clarity as to the parties, is not sufficiently certain in legal effect that it can be relied on by the defendant insurance company to avoid the obligations of the policy. Lash-ley’s unilateral execution of a release to an unnamed party, with no cause or consideration shown, did not divest him of an insurable interest under the paid-up policy issued by defendant. The trial court correctly refused to attach any weight to the voluntary surrender form. As the trial court found, the evidence does not bear out the contention that this instrument transferred ownership of the skidder from Lashley. There was no actual delivery of the item. LSA-C.C. art. 1922.[1] The skidder remained the property of Lashley at the time of its damage in December of 1974. Subsequently, on June 13, 1975, Lashley assigned his interest in the skidder to Maxwell Lumber Company. This assignment is clearly valid. The trial court correctly held that Carroll W. Maxwell Lumber Company, having been assigned all amounts due under the insurance policy, is entitled to the proceeds thereof.
The appellant insurance company relies on the holding in Eagle Star Ins. Co., Ltd. v. General A. F. & L. A. Corp., 315 So.2d 826 (La.App. 3 Cir. 1975), that insurance on an airplane was a personal contract between the insurer and the owner which did not inure to the benefit of the buyer of the airplane without a proper assignment; the insured under the policy not having an insurable interest in the airplane at the time of the accident because of the sale. In this case, the damage occurred in December of 1974 when the named insured, Lashley, was still the owner of the equipment and the policy was in effect. Also, here there was a valid assignment, LSA-C.C. arts. 2642[2] and 2643[3].
The award of damages shows no abuse of the trier of fact’s much discretion.
For the foregoing reasons, the judgment of the trial court herein in favor of plaintiff, Carroll W. Maxwell Lumber Company, Inc., and against defendant, Jefferson Insurance Company of New York, in the amount of $5,600 is affirmed. All costs of this appeal are assessed against defendant-appellant, Jefferson Insurance Company of New York.
AFFIRMED.
MILLER, J., dissents and assigns written reasons.

.LSA-C.C. art. 1922:
“Art. 1922. With respect to movable effects, although, by the rule referred to in the two last preceding articles, the consent to transfer vests the ownership of the property in the obligee, yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor, being in possession, should, by a second contract, transfer the ownership of the property to another person, who gets the possession before the first obligee, the last transferee is considered as the owner, provided the contract be made on his part bona fide, and without notice of the former contract.”

. LSA-C.C. art. 2642:
“Art. 2642. In the transfer of credits, rights or claims to a third person, the delivery takes place between the transferrer and the transfer-ree by the giving of the title.”

. LSA-C.C. art. 2643:
“Art. 2643. The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.
The transferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act."