**In re CONSOLIDATED COMPANIES, INC.**

**SUN INSURANCE COMPANY OF NEW YORK**

v.

**CONSOLIDATED COMPANIES, INC., et al.**

**Civ. A. No. 93–1244.**

United States District Court, E.D. Louisiana.

July 13, 1993.

Joseph Ernest Friend, New Orleans, LA, for General Elec. Capital Corp.

Alan Harry Goodman, New Orleans, LA, for Consolidated Companies, Inc.

Earl S. Eichin, Jr., New Orleans, LA, for Sun Ins. Co. of New York.

Eugene R. Preaus, New Orleans, LA, for Sunrise Inv. Co.

J. David Forsyth, New Orleans, LA, for Gulf Life Ins. Co.

McNAMARA, District Judge.

Before the court is the Appeal of General Electric Capital Corporation ("GECC") from a final decision of the United States Bankruptcy Court. Sunrise Investment Company and Gulf Life Insurance Company have filed briefs as appellees. The matter is before the court on briefs, without oral argument.

FACTS

On or about April 12, 1991, a warehouse owned by the debtor in the underlying bankruptcy case, Consolidated Companies, Inc. ("ConCo"), was damaged by vandalism. The insurance policy on the property listed Sunrise and Gulf Life as additional assureds. Sunrise and Gulf Life also held the first and second mortgages on the property. GECC was the only loss payee named on the policy. GECC held a third mortgage. Each of three mortgagees of the property sought to collect the insurance proceeds. The property insurer, Sun Insurance Company of New York, noting the competing claims, filed an interpleader action in the bankruptcy case.

On July 21, 1992, before the bankruptcy court had determined the proper recipient of the insurance money, the plan for the reorganization of ConCo was confirmed. GECC, as one the largest creditors of ConCo, was very involved in that process. Under the plan, GECC released its mortgage on the property.

Next, to dispose of the insurance question, the bankruptcy court heard cross motions for partial summary judgment. The bankruptcy court found that GECC was not entitled to the insurance proceeds because GECC had been "paid off" in the bankruptcy reorganization plan (even though GECC was not paid everything that ConCo owed it). The bankruptcy court based its decision on the application of cases decided under the Louisiana Deficiency Judgment Act ("LDJA") prior to its amendment in 1986.

Also, the court found that GECC neither expressly reserved its rights to the insurance proceeds, nor showed an intent to do so. GECC argued that no reservation was required. Alternatively, GECC offered two affidavits at trial which indicated that GECC did intend to retain its right to the money.

Even though no other claimant offered any countervailing evidence, the trial court made a factual determination that the affidavits were not true. The court refused to allow the evidence to weigh in favor of GECC because no representative of another claimant was at the meetings in question. GECC argued that the president of ConCo was present and could have been contacted by the other parties to rebut GECC's evidence.

STANDARD OF REVIEW

 The case was before the bankruptcy court on motions for partial summary judgment by the various claimants of the insurance money. Rulings on motions for summary judgment are reviewed on appeal under the de novo standard. *Easley v. Southern Shipbuilding Corp.*, 936 F.2d 839 (5th Cir.1991). Conclusions of law are

reviewed under the same standard. However, evidentiary rulings in Rule 56 proceedings are treated like all other evidentiary rulings: review is under the manifest-error standard. *Cristophersen v. Allied–Signal Corp.*, 939 F.2d 1106 (5th Cir.1991).

ANALYSIS

The questions presented for review center on two basic areas: the application of the LDJA to the facts of this case and the evidentiary ruling by the bankruptcy court on the affidavits offered by GECC.

*ENTITLEMENT AFTER EXTINGUISH-MENT: The LDJA*

■ It is clear that a named loss payee should receive the insurance proceeds over a senior mortgagee not named as loss payee. *See Miller v. Hartford Fire Insurance Company*, 412 So.2d 662, 670 (La.Ct.App. 2nd Cir.1982), *quoting Hartford Fire Insurance Company v. Landreneau*, 19 La. App. 280, 140 So. 52, 53 (1st Cir.1932). However, it is also possible for the named loss payee to take some action which may cause it to forfeit its right to the proceeds. *See, e.g., Rushing v. Dairyland Insurance Company*, 456 So.2d 599 (La.1984). The bankruptcy court concluded that GECC's release of its mortgage pursuant to the reorganization plan for Consolidated also relinquished any right GECC had to the insurance money.

■ The court based its conclusion on three cases decided under the Louisiana Deficiency Judgment Act ("LDJA") prior to its amendment in 1986. La.Rev.Stat. 13:4106 *et seq.* The LDJA provides that debts are extinguished by operation of law if the creditor sells the property of the debtor without appraisal. The cases relied upon by the bankruptcy court, *Rushing*, 456 So.2d 599, *Federal National Mortgage Association v. Prudential Property & Casualty Insurance Company*, 517 So.2d 201 (La.Ct.App. 1st Cir.1987), and *Bohn v. Louisiana Farm Bureau Mutual Insurance Company*, 482 So.2d 843 (La.Ct.App. 2d Cir.1986), extend the LDJA to say that a mortgagee forfeits its right to insurance proceeds if it holds a foreclosure sale without appraisal.

However, the LDJA is inapplicable to the facts of this case. First, the LDJA is concerned with the extinguishment of obligations owed by a debtor to a creditor. ConCo, the debtor, does not owe GECC the insurance proceeds; Sun Insurance Company does. In fact, the insurer, in effect, had a separate contract of insurance with GECC. *See May v. Market Insurance Company*, 387 So.2d 1081, 1084 (La.1981). *After* the loss was suffered, GECC compromised its claims against *ConCo* through the reorganization. However, GECC's right to be paid arose when the loss was sustained. *See Chrysler Credit v. Louisiana Insurance Guaranty Association*, 514 So.2d 245, 247 (La.Ct.App. 5th Cir.1987) ("when an insured loss occurs, the insurer is liable"). The subsequent compromise through reorganization of GECC's claims against ConCo is irrelevant. The LDJA simply was not designed to apply to this situation.

Next, the public policy goals of the LDJA and the bankruptcy statutes are distinctly different. The LDJA protects debtors from having to "overpay" creditors. If a creditor seizes property of the debtor and sells without appraisal, the creditor loses his right to a deficiency judgment *by operation of law*. This forces the creditor to maximize the proceeds from the sale of the property so that the least amount of the debtor's property is seized and sold. Consequently, the LDJA discourages creditors from taking action to eliminate debts.

The bankruptcy laws, on the other hand, protect creditors. They "assur[e] [creditors] that they will be treated equally if the debtor is precipitated into bankruptcy...." *Matter of Elcona Homes Corporation*, 863 F.2d 483, 484 (7th Cir.1988). Debtors are protected only to the extent that they are allowed a "fresh start" and that their debts are administered in an orderly fashion. *See, e.g., In re Epstein*, 39 B.R. 938 (Bankr.N.M.1984). Furthermore, under this regime, given that an insolvent debtor, by definition, cannot pay every debt in full, compromise through reorganization is encouraged. *See Protective Committee v.*

*Anderson,* 390 U.S. 414, 423–425, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968). The threat of extinguishment by operation of law for affirmative actions on the part of the creditor to eliminate the debt is not present.

Finally, since *Rushing, Federal,* and *Bohn* were decided, the LDJA has been amended. The statute no longer applies to commercial transactions. La.Rev.Stat. 13:4108.1. Nevertheless, the bankruptcy court agreed with Sunrise and Gulf Life that *Rushing, Federal,* and *Bohn* "stand for the proposition that when a mortgage is extinguished *by some affirmative act* of the mortgagee" the right to insurance proceeds is lost. *Memorandum Opinion,* Feb. 16, 1993, at p. 8 (emphasis added). This court does not read those cases so broadly. The "affirmative act" in each of those cases was the sale of property without appraisal. Each case was decided expressly under the LDJA and in light of a foreclosure sale. Their holdings should not be extended to a non-foreclosure and non-LDJA set of facts.

Given the amendments to the LDJA, and the distinguishing factors discussed above, the application of the LDJA to the facts of this case was incorrect. Thus, the decision of the bankruptcy court was fatally flawed. The actions taken by GECC to settle its claims against ConCo did not extinguish its right to the insurance proceeds. Therefore, the insurance money should have been paid to GECC, not Gulf Life and Sunrise.

*INTENT TO RESERVE: The Affidavits*

Under this court's findings that the LDJA does not apply and that GECC did not lose its right to the insurance money by settling with ConCo via reorganization, it is not necessary for GECC to show that it reserved its right to the money. The bankruptcy court erred by requiring such a showing. Alternatively, this court finds that the bankruptcy court's finding that GECC failed to show its intent to reserve was manifestly erroneous.

According to the bankruptcy court's application of *Rushing* and its progeny, GECC had to reserve its right to the insurance money to prevent the release of its mortgage from also releasing the right to the insurance money.[1] The court decided that GECC had not reserved its right.

First, such a reservation was not necessary. GECC only settled its claims against ConCo. The fact that the insurance money was owed to GECC was inconsequential to ConCo. In fact, ConCo staked no claim to the money, except to the extent a recovery from Sun Insurance exceeded $325,000 (the amount deposited with the court was only $177,932.50). *See Memorandum Opinion,* at p. 10, n. 1. Therefore, ConCo could not have reduced the amount of payments to GECC by bargaining with the rights to the money. Simply, the contract of insurance was between the insurer and GECC as loss payee. The party who was obliged to pay the loss was not a party to the compromise between GECC and ConCo. In short, no reservation of rights was required.

However, this court finds that GECC, however superfluously, did intend to reserve its right to the money. In finding that GECC had not evidenced such an intent, the bankruptcy court did not allow the affidavits submitted by GECC to help GECC's case. The court wrongly concluded that no competing affidavit could have been offered. In fact, the president of ConCo was present at the same meetings and could have offered his view of the facts. Instead, no affidavits were offered by Gulf Life or Sunrise.

In *Anderson v. Liberty Lobby,* 477 U.S. 242, 255–59, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986), the Supreme Court held that the party opposing a properly supported motion for summary judgment must submit opposing evidence. If the bankruptcy court would have allowed the affidavits to favor GECC (as it should have), then GECC's motion would have been properly

---

1. That the bankruptcy court engaged in this analysis at all is curious. The LDJA causes an *automatic* loss of the right to a deficiency judgment. That GECC could somehow have re-

served its right is inconsistent with the LDJA. This emphasizes to this court that the LDJA has no place in this case.

supported. Gulf Life and Sunrise then would have had to offer competing evidence. They did not. Therefore, GECC should have prevailed on those issues for which their evidence was uncontradicted. Consequently, the bankruptcy court should have found that GECC did show its intent to reserve its right to the insurance proceeds. To not so find was manifestly erroneous.

CONCLUSION

This court finds that GECC never lost its right to the insurance proceeds from the loss suffered on the mortgaged warehouse property. Therefore, Sun Insurance Company should have paid GECC as the named loss payee. The decision by the bankruptcy court, on a motion for partial summary judgment, that the money was owed to Gulf Life and Sunrise was incorrect.

Further, this court finds that, to the extent that GECC needed to reserve its right to the insurance proceeds, it did so. The decision of the bankruptcy court that GECC did not prove its reservation of rights was manifestly erroneous. Accordingly;

IT IS ORDERED that the decision of the bankruptcy court denying the motion for partial summary judgment of GECC and granting the motion for partial summary judgment of Sunrise and Gulf Life be REVERSED. IT IS FURTHER ORDERED that judgment for GECC in the amount of the interpleader stake be entered.