STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**03-1284**


HOPE CRAWFORD DESSELLE

VERSUS

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-4126-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard
Ezell, Judges.

**AFFIRMED.**

**Jerold Edward Knoll**
**Knoll & Spruill, LLC**
**P. O. Box 426**
**Marksville, La 71351**
**(318) 253-6200**
**Counsel for Plaintiff/Appellee:**
     **Hope Crawford Desselle**

**W. Anthony Toups, III**
*Appeal Counsel*
**Mary L. Meyer**
**Douglas L. Grundmeyer**
**Gregory J. Walsh**
**Chaffe, Mccall, Phillips, Toler & Sarpy, L.L.P.**
**2300 Energy Centre**
**1100 Poydras Street**
**New Orleans, LA 70163-2300**
**(504) 585-7000**
**Counsel for Defendant/Appellant:**
     **Colonial Life & Accident Insurance Company**

**DECUIR, Judge.**

Hope Desselle filed suit against Colonial Life & Accident Insurance Company to collect on a life insurance policy issued to her deceased sister, Laura Crawford Joseph. The proceeds of the policy were ultimately distributed to Desselle via an uncontested concursus proceeding, but the question of penalties under La.R.S. 22:656 went before the trial court. Granting summary judgment in favor of Desselle, the trial court awarded penalties and costs pursuant to the statute. Upon review, we affirm the judgment rendered below, finding no error in the decision of the trial court.

The evidence in the record reveals the following undisputed facts. Laura Joseph died of congestive heart failure on August 1, 2002 at the age of 36. On that same day, her sister, Desselle, notified Colonial of the death, and Colonial sent the appropriate claim forms to Desselle. Desselle was the named beneficiary on the policy. On August 4, Rudolph Joseph, the decedent's surviving spouse, contacted Colonial about the policy and was told that he was no longer the named beneficiary on the policy; the company informed Joseph that the beneficiary had been changed to Desselle in March of 2002. Joseph called the company back on August 6. He denied signing the paperwork on a change of beneficiary form and indicated his signature must have been forged.

Meanwhile, Desselle mailed to Colonial the completed claim form and death certificate on August 19, 2002. Joseph hired an attorney who corresponded with Colonial on August 22. He alleged forgery in the change of beneficiary form and asked Colonial to investigate the matter. Joseph himself sent correspondence to the company on September 5. Desselle called Colonial twice in September to check on her claim; she then hired an attorney who sent a demand letter dated September 25. Desselle called Colonial again on October 14.

Desselle filed suit on November 4, 2002, seeking the proceeds of the policy, plus penalties under La.R.S. 22:656, interest, attorney fees, and costs. Colonial was

2

served on December 2 and answered the suit on December 17. By reconventional demand, Colonial initiated a concursus proceeding against Desselle and Joseph and deposited the $35,000.00 life insurance proceeds, with interest, into the registry of the court. Colonial was notified on December 20 that Joseph's attorney, Danatus King, no longer represented him. When Joseph failed to file an answer to the concursus proceeding within the appropriate time limitations, Desselle moved for an order compelling him to answer or be forever barred from asserting a claim in this matter. The court issued the order, Joseph failed to answer, and Desselle was then able to withdraw the insurance proceeds from the registry of the court.

Consequently, the only claim remaining for adjudication by the trial court was Desselle's claim for penalties, interest, and costs under La.R.S. 22:656 and La.Code Civ.P. art. 4659. Her claim for attorney fees was abandoned, as it was not legally grounded. After oral arguments, the trial court ruled from the bench in favor of Desselle.

Essentially, the trial court determined that Colonial had sufficient time to either conclude its investigation of the competing claims of Desselle and Joseph or file a concursus proceeding within sixty days of receiving Desselle's claim. The mere fact that an investigation was ongoing did not warrant an extension of the period in which the claim should have been paid. The trial court emphasized that the law establishing the sixty-day period is very clear, and it gave examples of what might be considered "just cause" for a delay in payment. The court held that an allegation of forgery was something that could either be disposed of quickly or should go before a court for adjudication within the realm of a concursus proceeding, thereby absolving the insurer of responsibility for delay. Finding no genuine issue of material fact, the trial court rendered summary judgment in Desselle's favor.

Desselle filed suit under La. R.S.22:656, which provides:

3

All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid.

In the present case, Colonial has failed to set forth any specific facts which would reveal a genuine issue for trial. Rather, Colonial's legal argument, that its delay in payment was justified based on the mere fact of an investigation of competing claims, was simply unconvincing.

In this case involving undisputed facts, the determination of just cause as grounds for delay in paying the proceeds of a life insurance policy is a legal conclusion. After reviewing the record and pertinent jurisprudence, we find the trial court correctly characterized the actions of Colonial as without just cause. *See Davis v. Aetna Cas. & Sur. Co.,* 329 So.2d 868 (La.App. 2 Cir. 1975), *writs denied,* 330 So.2d 617, 333 So.2d 233 (La.1976); *Agency Management Corp. v. Green Acres Realty, Inc.,* 286 So2d 465 (La.App. 1 Cir. 1973), *writ denied,* 289 So.2d 155 (La.1974). Accordingly, we affirm that portion of the judgment awarding Desselle a penalty on the proceeds of her sister's life insurance policy in accordance with the provisions of La.R.S. 22:656.

We are likewise unpersuaded by Colonial's contention that the trial court erred in assessing costs against Colonial. Article 4659 of the Code of Civil Procedure allows the district court in a concursus proceeding to exercise discretion in awarding costs. We find no manifest error or abuse of discretion in the assessment of costs against Colonial under the circumstances of this case, and we affirm that portion of the judgment awarding costs to Desselle.

For the above and foregoing reasons, the judgment of the trial court is affirmed, and costs of the appeal are assessed to Colonial Life & Accident Insurance Company.

4

**AFFIRMED.**